■ DANIEL A. WILSEY, Appellant, v SARATOGA HARNESS RACING, INC., et al., Respondents.—Harvey, J.

On February 13, 1984, defendant David W. Morris, the president and general manager of defendant Saratoga Harness Racing, Inc., informed plaintiff that he would no longer be allowed to participate as a harness driver at defendants' race track in Saratoga County. A press release of plaintiff's termination was issued and several local newspapers published articles discussing the matter. Morris was also interviewed live on a local television station regarding the incident. Plaintiff had already appeared and discussed the matter on the same television station.

In May 1984, plaintiff commenced this defamation action alleging that Morris' statements, both appearing in the newspaper articles and made during the live television interview, directly injured his good name and reputation and resulted in his not being able to obtain gainful employment. The statements made in the articles and during the interview involved activities by plaintiff, his wife and his son, Nicholas, who is also a harness driver. Plaintiff alleged that Morris had defamed him by stating that his wife had bet against him in races in which he was driving, that third parties placed bets for plaintiff against horses that he was driving and that plaintiff's son had "opened holes" for him when they were competing in the same race.

Following discovery, defendants moved for summary judgment dismissing the complaint. Plaintiff cross-moved for summary judgment on the issue of liability. Supreme Court held that plaintiff was "[a]t least a limited public figure" and, therefore, plaintiff had the burden of proving that the statements were made with actual malice. The court further found that plaintiff had failed to provide clear and convincing evidence of actual malice. Hence, defendants' motion for summary judgment dismissing the complaint was granted. Plaintiff appeals.

The dispositive issues are whether plaintiff is a "public figure" and, if so, whether plaintiff submitted sufficient evidence that Morris made false statements about him with "actual malice". In *New York Times Co. v Sullivan* (376 US 254, 279-280), the United States Supreme Court held that the 1st and 14th Amendments prohibit a public official from recovering for defamatory falsehood relating to his official conduct unless he could prove that the statements were made with actual malice. The standard applicable to public officials in defamation actions was extended to apply also to public figures *(see, e.g., Wolston v Reader's Digest Assn.,* 443 US 157, 163-164; *Curtis Publ. Co. v Butts,* 388 US 130, 162). Public figures include those who assume roles of especial prominence in the affairs of society *(Gertz v Robert Welch, Inc.,* 418 US 323, 345). Often this involves people who thrust themselves to the forefront and thus become public figures, not for all purposes, but with respect to that particular issue *(supra; James v Gannett Co.,* 40 NY2d 415, 422). People in whom the public has a continuing interest and who have taken steps to attract such interest, such as professional athletes and certain entertainers, are often public figures *(James v Gannett Co., supra,* at 422; *see, Chuy v Philadelphia Eagles Football Club,* 595 F2d 1265, 1280).

Plaintiff's position is akin to a professional athlete or entertainer. He is a licensed harness track driver who drove regularly at defendants' track from May 1971 to February 1984. He consistently placed among the top five drivers. By his own admission, he has "developed and maintained an expertise in [the] field [of harness driving] and is so recognized by his profession and by the public in general". Harness racing attracts significant interest in the greater Capital District region and, because of activities such as off-track betting, throughout New York. Further, it is not without significance that, by commenting for newspaper articles and on television, plaintiff has generated some of the controversy and public

attention surrounding his termination. We find that plaintiff is a public figure and thus had the burden of showing that Morris' statements were made with actual malice *(see, Curtis Publ. Co. v Butts,* 388 US 130, *supra).*

Actual malice requires clear and convincing evidence that the statement was made "with knowledge that it was false or with reckless disregard of whether it was false" *(New York Times Co. v Sullivan,* 376 US 254, 280, *supra; see also, Mahoney v Adirondack Publ. Co.,* 71 NY2d 31, 35-36, 39). Evidentiary facts of actual malice must be presented in order to defeat a motion for summary judgment *(McGovern v Hayes,* 135 AD2d 125, 128). All of Morris' statements regarded matters about which there were investigations or which were supported directly by witnesses. Review of the record reveals that plaintiff has clearly failed to submit evidence indicating that Morris acted with actual malice. Hence, we conclude that Supreme Court correctly granted defendants' motion for summary judgment.

Order affirmed, with costs. Mahoney, P. J., Weiss, Levine, Harvey and Mercure, JJ., concur.