■ DRT CONSTRUCTION Co., INC., et al., Respondents, v ANDREW LENKEI, Individually and as President of the Mapleleaf Homeowners Association, et al., Appellants.—Order unanimously reversed on the law with costs, motion granted and complaint dismissed. Memorandum: Plaintiffs, DRT Construction Co., Inc., and Cimato Bros., Inc., were seeking zoning and land use approvals to construct 700 residences including multiple family dwellings, two commercial plazas and a nursing home on a 288 acre parcel of land in the Town of Amherst. Defendant Lenkei individually and as president of a homeowners' association distributed flyers opposing the construction. Based on the flyers plaintiffs brought this defamation action against defendants. Defendants moved for summary judgment dismissing the action and Supreme Court denied the motion. We reverse.

One flyer distributed in January 1989 stated that "[n]ow is the time to act and * * * preserve the beauty and peaceful life of Amherst from profit hungry land abusers." The flyer identified plaintiffs as the developers. A flyer distributed in October 1989 stated that a number of engineering reports had warned about the dangerous condition of the mines under the lands sought to be developed and had predicted collapses "yet this project is still being pushed by profit hungry developers to whom your life and mine is of no concern instead they worship profit at any cost to others." A third flyer distributed in January 1990 contained a cartoon depicting three men with Hitler moustaches on a bulldozer running over a deer calling for help. The men were waving an ax, a hatchet and a shovel and one had money coming out of his pockets.

Supreme Court should have dismissed the complaint because the statements contained in the flyers and the depiction in the cartoon as a matter of law were not defamatory but were constitutionally protected opinion on a subject of public controversy. The phrase "profit hungry land abusers" does not

contain a provably false factual connotation, cannot reasonably be interpreted as stating actual facts and is the sort of "loose, figurative or hyperbolic language" that is constitutionally protected opinion *(Milkovich v Lorain Journal Co.,* 497 US 1, —, 110 S Ct 2695, 2707; *see also, Letters Carriers v Austin,* 418 US 264 [the words "scab" and "traitor" not defamatory]; *Greenbelt Publ. Assn. v Bresler,* 398 US 6 [the characterization of land developer's negotiating position as "blackmail" not defamatory]).

The cartoon did not constitute defamation. Cartoons, by their very nature, are rhetorical hyperbole or exaggerated statements of opinion *(Keller v Miami Herald Publ. Co.,* 778 F2d 711, 718, *reh denied* 783 F2d 205). The cartoon cannot be interpreted as anything other than the landowners' opinion concerning the effect of the development upon the Town of Amherst. (Appeal from Order of Supreme Court, Erie County, Wolfgang, J.—Summary Judgment.) Present—Doerr, J. P., Boomer, Pine, Balio and Lawton, JJ.