OPINION OF THE COURT
 

 Smith, J.
 

 In this action for defamation, the question is whether summary judgment was correctly granted to defendant dismissing the complaint. We agree with the Appellate Division that the evidence was insufficient to allow a rational fact finder to find actual malice by clear and convincing evidence.
 

 This controversy arises from the publication of defendant Moira Johnston’s book, "Takeover — The New Wall Street Warriors: The Men, The Money, The Impact,” chronicling recent contests in the world of corporate takeovers. Plaintiff Brian Freeman, who brought this action for defamation,
 
 [1]
 
 was a financial advisor to the International Association of Machinists (IAM), one of two unions
 
 [2]
 
 which took part in negotiations over the future of Trans World Airlines (TWA). The negotia
 
 *55
 
 tians involved a battle between Carl Icahn and Frank Lorenzo for control of TWA. In characterizing a critical meeting of the TWA Board of Directors held on August 20, 1985, involving the Icahn-Lorenzo struggle, defendant, in her book, made the following statement concerning plaintiff:
 

 "Brian Freeman, the lawyer who represented the machinists, compounded the threats of strike, warning that being sold into bondage to Lorenzo would provoke night time trashing of airplanes and other sabotage.”
 

 Although plaintiff was admittedly present at that meeting, he denied having made the statement, claiming that it was false and defamatory and conveyed that he "threatened, condoned and encouraged the likely commission of acts of physical sabotage and other illegal actions” by his clients.
 

 Also present at the August 20 meeting were Harry Hoglander, an airline pilot, veteran TWA employee and then Chairman of the Master Executive Council of the Airline Pilots Association, and James Freund, Esq., of Skadden, Arps, Slate, Meagher & Flom, who acted as counsel to the TWA board. Hoglander, who was interviewed by Johnston, recalled that the statement accurately portrayed plaintiff’s sentiment at the meeting. Plaintiff asserts, however, that Freund’s memory of Freeman’s statement contradicted that of Hoglander, thus giving rise to an inference Johnston should have drawn that her information needed further verification.
 

 At Supreme Court, defendant moved for summary judgment, alleging that plaintiff failed to make a prima facie showing of defamation. Supreme Court denied the motion insofar as it was addressed to the defamation cause of action, holding that the statement at issue could not be reconciled with witness Freund’s version that what Freeman said was "no big deal.” Thus, that court found summary judgment as to the defamation cause of action inappropriate.
 
 [3]
 

 The Appellate Division granted summary judgment dismissing the defamation claim, with one dissent, noting that the statement attributed to Freeman "is a privileged description of the attitudes of the union membership he represented, and not a blanket endorsement of illegal activity by a lawyer, as
 
 *56
 
 plaintiff urges” (192 AD2d 250, 252). The Appellate Division granted plaintiff’s motion for leave to appeal to this Court. We now affirm.
 

 Here, plaintiff claims that the statement in question was published with actual malice and that it is reasonably susceptible to a defamatory meaning. Defendant counters that the Appellate Division properly dismissed plaintiff’s claim because no evidence of constitutional malice exists.
 

 A public official may not recover damages for defamation unless the official proves that the offending false statement was made with " 'actual malice’ — that is, with knowledge that it was false or with reckless disregard of whether it was false or not”
 
 (see, New York Times Co. v Sullivan,
 
 376 US 254, 279-280;
 
 Prozeralik v Capital Cities Communications,
 
 82 NY2d 466, 474). In
 
 Curtis Publ. Co. v Butts
 
 (388 US 130, 155,
 
 reh denied
 
 389 US 889), the United States Supreme Court extended this standard to all "public figures” and it has since been consistently applied to such
 
 (see, Harte-Hanks Communications v Connaughton,
 
 491 US 657, 666;
 
 Mahoney v Adirondack Publ. Co.,
 
 71 NY2d 31, 39).
 
 [4]
 

 In a defamation action, plaintiff has the burden of showing actual malice
 
 (see, Mahoney v Adirondack Publ. Co.,
 
 71 NY2d 31, 39,
 
 supra)
 
 including " 'the burden of showing the falsity of factual assertions’ ”
 
 (see, Prozeralik v Capital Cities Communications,
 
 82 NY2d, at 473,
 
 supra,
 
 citing
 
 Immuno AG. v Moor-Jankowski,
 
 77 NY2d 235, 245,
 
 cert denied
 
 500 US 954). On appeal in these cases, courts have a "constitutional duty to 'exercise independent judgment and determine whether the record establishes actual malice with convincing clarity’ ”
 
 (Harte-Hanks Communications v Connaughton,
 
 491 US, at 659,
 
 supra,
 
 citing
 
 Bose Corp. v Consumers Union of U. S.,
 
 466 US 485, 514;
 
 Prozeralik v Capital Cities Communications,
 
 82 NY2d 466, 474,
 
 supra; Mahoney v Adirondack Publ. Co.,
 
 71 NY2d 31, 39,
 
 supra).
 
 The exercise of such "independent judgment” applies to this Court notwithstanding the constraints upon our factual review powers
 
 (see, Prozeralik v Capital Cities Communications,
 
 82 NY2d, at 475,
 
 supra; see also, Mahoney v Adirondack Publ. Co.,
 
 71 NY2d, at 39,
 
 supra).
 
 "Convincing clarity” is synonymous with the "clear and convincing” standard
 
 (see, Anderson v Liberty Lobby,
 
 477 US 242,
 
 *57
 
 254;
 
 Bose Corp. v Consumers Union of U S.,
 
 466 US 485, 511, n 30,
 
 supra).
 

 This standard of "convincing clarity” applies even on a motion for summary judgment
 
 (Anderson v Liberty Lobby,
 
 477 US, at 254,
 
 supra).
 
 Moreover, "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party * * *. If the evidence is merely colorable * * * or is not significantly probative * * *, summary judgment may be granted”
 
 (id.,
 
 at 249-250 [citations omitted]).
 

 Plaintiff claims that the statement at issue was published with actual malice, that is, with knowledge that it was false or with reckless disregard of whether it was false. Plaintiff argues that here, as in
 
 Harte-Hanks,
 
 defendant (1) received conflicting information, (2) was advised of a witness who could confirm the probable falsity of the accuser’s charges, and (3) failed to make any effort to interview that witness. The alleged conflict, according to plaintiff, is between Hoglander’s account of plaintiff’s statement and Freund’s recollection of it. Hoglander, in an interview with defendant, remarked that during the meeting, plaintiff discussed the TWA machinists’ animosity toward Lorenzo, that they were emotionally charged, and stated that "the [machinists] would probably trash the airpl[anes] on their overnight layovers.” The statement by Freund that plaintiff considers in conflict with Hog-lander’s view is the following:
 

 "Interviewer: 'Did Brian Freeman take a position about what the machinists might. . .’
 

 "Freund: 'Yea, yea but Brian was more cautious I think as a lawyer, I think he’s a lawyer, maybe he’s not, an investment banker but I think he is a little more cautious. I can’t remember exactly what Brian said. But it was no big deal.’ ”
 

 We reject plaintiff’s contention. Plaintiff’s analysis is flawed because no clear and convincing evidence exists indicating that Hoglander’s view of plaintiff’s statement at the meeting was contradicted by Freund’s statement, the latter statement appearing equivocal at best
 
 (see, Mahoney v Adirondack Publ. Co.,
 
 71 NY2d 31, 40,
 
 supra).
 
 Perhaps most telling is Freund’s admission that he could not "remember exactly what [plaintiff] said.” Moreover, Freund’s opinion that it was "no big deal” may refer to any number of considerations: that Hoglander expressed the same sentiment as plaintiff and
 
 *58
 
 therefore had lessened the impact of plaintiffs statement; that Freund was genuinely unimpressed by plaintiff; or that plaintiff’s words, in Freund’s view, did not sway the Board in either direction. Given these different possible interpretations, no rational finder of fact could, in this case, find actual malice by clear and convincing evidence. The following statement from the Supreme Court’s decision in
 
 Anderson v Liberty Lobby
 
 (477 US 242, 254,
 
 supra)
 
 is applicable here:
 

 "Just as the 'convincing clarity’ requirement is relevant in ruling on a motion for directed verdict, it is relevant in ruling on a motion for summary judgment. When determining if a genuine factual issue as to actual malice exists in a libel suit brought by a public figure, a trial judge must bear in mind the actual quantum and quality of proof necessary to support liability under
 
 New York Times.
 
 For example, there is no genuine issue if the evidence presented in the opposing affidavits is of insufficient caliber or quantity to allow a rational finder of fact to find actual malice by clear and convincing evidence.”
 

 There is also no showing that defendant wrote the statement with "reckless disregard for [the] truth”
 
 (see, St. Amant v Thompson,
 
 390 US 727, 731;
 
 New York Times Co. v Sullivan,
 
 376 US, at 279-280,
 
 supra).
 
 Any such finding must be supported by "sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication”
 
 (St. Amant v Thompson,
 
 390 US, at 731). Plaintiff has failed to set forth such evidence here. Neither plaintiffs alleged "conflict” between Hoglander’s recollection of plaintiffs August 20 sentiments and Freund’s view of his statements nor any other evidence before us can be assessed to give rise to such concerns by defendant. Defendant was thus not required to interview either the alleged maker of the statement or all of the persons allegedly present at the meeting
 
 (see, Harte-Hanks Communications v Connaughton,
 
 491 US 657, 692,
 
 supra
 
 [failure to investigate, alone, will not support a finding of actual malice]).
 

 Thus, on the evidence considered in this action, plaintiff has failed to show evidence of defendant’s "actual malice with convincing clarity”
 
 (Anderson v Liberty Lobby, All
 
 US 242, 252,
 
 supra).
 
 Plaintiff demonstrated neither falsity
 
 (see, New York Times Co. v Sullivan,
 
 376 US 254, 279-280,
 
 supra)
 
 nor a reckless disregard for the truth
 
 (id.).
 

 
 *59
 
 Finally, we agree with the Appellate Division that the statement, in the context in which it was allegedly made, is not susceptible to the defamatory meaning that plaintiff supported illegal acts of sabotage if the negotiation was not concluded as he wished.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Levine and Ciparick concur.
 

 Order affirmed, with costs.
 

 [1]
 

 . Although plaintiff Brian M. Freeman & Co. Inc. and defendant the Hearst Corporation doing business as Arbor House Publishing Co., Inc. were included as parties at Supreme Court, this appeal involves only plaintiff Brian Freeman and defendant Moira Johnston.
 

 [2]
 

 .
 
 The Airline Pilots Association was the other.
 

 [3]
 

 . Supreme Court granted summary judgment dismissing the third cause of action, which alleged a false light invasion of privacy claim, and the Appellate Division affirmed as to that cause of action. Plaintiff does not here claim error with respect to that dismissal.
 

 [4]
 

 . Plaintiff does not dispute that, for present purposes, he is a public figure.