OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with
 
 *842
 
 costs, defendants’ motion for summary judgment granted, the complaint dismissed, and the certified question answered in the negative.
 

 Plaintiff commenced this defamation suit against defendants for publishing an allegedly libelous statement about him in the January 24, 1992 issue of New York Newsday. The statement at issue, which appeared in an editorial evaluating and endorsing various candidates for two New York State Assembly positions, declared that the opposing candidate "is running here against [plaintiff], who admits he doesn’t expect to win and is relieved by the prospect.” Plaintiff does not dispute that when asked if he wanted to win, he replied that he had two children in college and that the salary of an Assembly member was $57,000 a year. However, plaintiff denies stating that he would be relieved if he lost the election.
 

 Defendants moved for summary judgment. Supreme Court granted the motion and dismissed the complaint. The Appellate Division, however, reversed the order of Supreme Court and reinstated the complaint. Defendants’ request for leave to appeal to this Court was granted by the Appellate Division which certified the question, "Was the order of this Court, which reversed the order of the Supreme Court, properly made?”
 

 We reject the contention that defendants’ use of "admits” renders the allegedly defamatory statement one of fact rather than an opinion as a matter of law. Whether a potentially actionable statement is one of fact or opinion is a question of law
 
 (Rinaldi v Holt, Rinehart & Winston,
 
 42 NY2d 369, 381), and depends on "whether a reasonable reader or listener would understand the complained-of assertions as opinion or statements of fact”
 
 (Brian v Richardson,
 
 87 NY2d 46, 52).
 

 When viewed within the context of the editorial as a whole, we agree with Supreme Court that a reasonable reader would conclude that the statement at issue is an opinion
 
 (see, Brian, supra; Immuno AG. v Moor-Jankowski,
 
 77 NY2d 235,
 
 cert denied
 
 500 US 954). Apart from the appearance of the statement on the editorial page of Newsday, surrounded by other opinion pieces, the tenor of the editorial (which included an assertion that plaintiff "hasn’t a clue about government”) alerted the reader that the piece contained expressions of opinion. Moreover, defendants did not quote plaintiff but chose instead to use the word "admits,” which in context indicates that some interpretation of plaintiff’s words occurred. Since opinions may not be subject to private damage actions, summary judgment
 
 *843
 
 should have been awarded to defendants
 
 (see, Rinaldi, supra,
 
 at 380-381).
 

 Plaintiff, a public figure, has also failed to demonstrate, with convincing clarity, that defendants acted with actual malice— that is, with knowledge that the allegedly defamatory statement was false or with reckless disregard for the truth or falsity of the statement
 
 (Rinaldi, supra,
 
 at 379;
 
 New York Times Co. v Sullivan,
 
 376 US 254, 279-280, 285-286). The substitution of "admits” in the published version of the editorial, for "seems,” which appeared in an earlier draft, does not, by itself, demonstrate that defendant acted with reckless disregard for the truth of the statement or with the knowledge that the statement was untrue.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur in memorandum.
 

 Order reversed, etc.