■ TIMOTHY CHITTENDEN, Appellant, v MARTIN W. SCHWARTZ, Respondent. [653 NYS2d 375] —In an action to recover damages for defamation, the plaintiff appeals from an order of the Supreme Court, Westchester County (Cowhey, J.), entered March 19, 1996, which granted the defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

After being terminated as attorney for the Rye Police Association, Inc. (hereinafter RPA), the defendant sent a letter to the individual members thereof in which he "explain[ed] the circumstances which led up to [his] termination". Essentially, the defendant blamed his termination on conflicts and disputes with the plaintiff, who is president of the RPA. The defendant stated, *inter alia,* that the plaintiff "undermined" the defendant's representation of the RPA and that the plaintiff's "agenda never actually included any plan to restore normalcy to the labor relations between the City [of Rye] and its police officers". Thereafter, the plaintiff brought the instant defamation action against the defendant.

The plaintiff's complaint was properly dismissed. Based on

the overall context of the subject letter, it is apparent that a reasonable reader would understand the allegedly defamatory statements as the defendant's opinion (*see, Millus v Newsday, Inc.,* 89 NY2d 840; *Brian v Richardson,* 87 NY2d 46, 52; *Immuno AG. v Moor-Jankowski,* 77 NY2d 235, 254, *cert denied* 500 US 954). Therefore, the complained-of statements are not actionable *(see, Millus v Newsday, Inc., supra; Brian v Richardson, supra).* Mangano, P. J., Ritter, Sullivan, Altman and McGinity, JJ., concur.