■ DONALD DANCER, Appellant, v JAY BERGMAN et al., Respondents. [668 NYS2d 213] —In an action to recover damages for defamation, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Rosato, J.), entered March 7, 1997, which granted the defendants' motion for summary judgment dismissing the complaint, and (2) a judgment of the same court entered May 6, 1997, which dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The plaintiff, a licensed harness-race driver, commenced the instant action against the defendants, Sports Eye, Inc., the publisher of the newspaper, Sports Eye, and the newspaper's Editor-in-Chief, alleging that he was defamed by an editorial entitled "Donald Delivers Cold 'Tuna' ", published by the defendants in the May 10, 1993 issue of *Sports Eye.* In this editorial, its author discussed the twelfth harness race held at Yonkers Raceway on the evening of April 29, 1993, in which

the plaintiff had driven a horse named "Frankland A," which came in second to another horse named "Big Tuna" driven by Ray Schnittker. The article noted, *inter alia,* that, although the plaintiff and Frankland A were in first position in the race, they promptly fell into second place, where a wide gap opened between Big Tuna, the leading horse, and Frankland A. However, near the end of the race, Frankland A closed the gap which existed and lost by only a neck, thus making up a lot of distance in a short amount of time. The article argued that the plaintiff, who was a "competent reinsman" and a "veteran driver," should not have permitted Frankland A to fall and remain so far behind the lead horse until closing the gap at the end of the race. The editorial concluded that the plaintiff "had simply mailed in his second placing and refused to contest the issue from start to finish" and that "it [wa]s clear from Frankland A's stretch rally that the horse had plenty of speed left and could have actually won the race if given a realistic opportunity". The article then called for the New York Racing and Wagering Board to be more diligent and to investigate all conduct which could be evidence of race-fixing, in order to protect the public.

The defendants moved for summary judgment dismissing the complaint, arguing, *inter alia,* that the subject editorial contained statements of constitutionally-protected opinion and that the plaintiff was a public figure and was thus required to prove actual malice. The Supreme Court granted the defendants' motion for summary judgment. We affirm.

When viewed within the context of the editorial as a whole, a reasonable reader would conclude that the statements at issue were opinions (*see, Millus v Newsday, Inc.,* 89 NY2d 840, 842; *Brian v Richardson,* 87 NY2d 46, 53; *Immuno AG. v Moor-Jankowski,* 77 NY2d 235, 255, *cert denied* 500 US 954). Apart from the appearance of the statements on the editorial page of the defendants' publication, the tenor of the editorial alerted the reader that the piece contained expressions of opinion (*see, Millus v Newsday, Inc., supra*). Because opinions are not subject to private damage actions, summary judgment was appropriate (*see, Millus v Newsday, Inc., supra*).

In any event, the plaintiff, a public figure (*see, Wilsey v Saratoga Harness Racing,* 140 AD2d 857, 858; *Ferraro v Finger Lakes Racing Assn.,* 182 AD2d 1072, 1072-1073), failed to demonstrate by clear and convincing evidence, that the defendants acted with actual malice—that is, with knowledge that the allegedly defamatory statement was false or with reckless disregard for the truth or falsity of the statement (*see, New York*

*Times v Sullivan,* 376 US 254, 280; *Freeman v Johnston,* 84 NY2d 52, 56 *cert denied* 513 US 1016; *Mahoney v Adirondack Publ. Co.,* 71 NY2d 31, 35-36, 39; *Goldblatt v Seaman,* 225 AD2d 585, 586).

The plaintiff's remaining contentions are without merit. Bracken, J. P., O'Brien, Thompson and Altman, JJ., concur.