■ ORANGE AND ROCKLAND UTILITIES, INC., Respondent, v MUGGS PUB, INC., Appellant. [739 NYS2d 610] —In an action to

recover unpaid utilities fees, the defendant appeals, as limited by its brief, from so much of (1) an order of the Supreme Court, Rockland County (Nelson, J.), dated June 7, 2000, as granted the plaintiff's motion pursuant to CPLR 4404 (a) to set aside the jury verdict in favor of the defendant on its counterclaim for punitive damages, and (2) a judgment of the same court dated July 25, 2000, as set aside the jury verdict as to punitive damages.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Contrary to the defendant's contention, the Supreme Court properly set aside the jury verdict in its favor on its counterclaim for punitive damages (*see* CPLR 4404 [a]; *Cohen v Hallmark Cards,* 45 NY2d 493). Punitive damages can be assessed against an employer such as the plaintiff only when its superior officer in the course of employment orders, participates in, or ratifies outrageous conduct (*see Loughry v Lincoln First Bank,* 67 NY2d 369; *Kelleher v F.M.E. Auto Leasing Corp.,* 192 AD2d 581). Here, the Supreme Court correctly concluded, as a matter of law, that the plaintiff's employees who testified during trial were not superior officers within the plaintiff's company because they did not possess a high level of general managerial authority in relation to the nature and operation of the plaintiff's business (*see Loughry v Lincoln First Bank, supra* at 380). Accordingly, the Supreme Court properly granted the plaintiff's motion to set aside the jury verdict as to the defendant's counterclaim for punitive damages. We further note that the plaintiff correctly argued before the Supreme Court that it erred in failing to charge the jury that the standard of proof regarding the imposition of punitive damages was clear and convincing evidence (*see New York Times Co. v Sullivan,* 376 US 254; *Freeman v Johnston,* 84 NY2d 52, *cert denied* 513 US 1016; *Mahoney v Adirondack Publ. Co.,* 71 NY2d 31; *Camillo v Geer,* 185 AD2d 192). Smith, J.P., Krausman, Schmidt and Cozier, JJ., concur.