■ DONALD L. HASSIG et al., Appellants, v PETER W. FITZRANDOLPH et al., Respondents. [779 NYS2d 613]—

Kane, J. Appeal from an order of the Supreme Court (Demarest, J.), entered February 24, 2003 in St. Lawrence County, which partially granted defendants' motion for summary judgment dismissing the complaint against defendant Peter W. FitzRandolph.

Plaintiffs, environmental activists who regularly spoke at municipal board meetings, claim that they were defamed by defendants, who are county legislators. Specifically, as relevant here, defendant Peter W. FitzRandolph told a newspaper reporter that members of the St. Lawrence County Board of Legislators were "all really sick of it. I don't think one person on the Legislature gives [plaintiffs] any credence at all . . . Quite often we just tune them out or we doodle and we just tolerate them." The newspaper article further attributed FitzRandolph with saying that "the environmentalists are sloppy with the data they present on local cancer rates." FitzRandolph also reported to police that plaintiff Donald L. Hassig (hereinafter plaintiff) had "threatened his life."

Plaintiffs commenced this action alleging defamation resulting in injury to their reputations in the community. In a prior unappealed order, Supreme Court determined that plaintiffs were public figures, thus they were required to prove that defendants acted with actual malice. The court subsequently partially granted defendants' motion for summary judgment by dismissing all causes of action against FitzRandolph and all causes of action by plaintiff David W. Hassig. Plaintiffs appeal.

Initially, plaintiffs are precluded from contesting Supreme Court's ruling that they are public figures as they conceded that point when it was originally raised and they failed to appeal the order containing that ruling.

Supreme Court properly dismissed the causes of action against FitzRandolph. Since falsity is a requirement of a defamation claim and only factual assertions are capable of being proven false, defamation actions can only be premised on assertions of fact, not opinion (*see Brian v Richardson*, 87 NY2d 46, 51 [1995]). Whether a statement is fact or opinion must be determined by the court as a matter of law, and it depends on whether a reasonable reader would consider the assertions to be opinion or fact (*see Millus v Newsday, Inc.*, 89 NY2d 840, 842 [1996], *cert denied* 520 US 1144 [1997]; *Brian v Richardson*, *supra* at 51). Although courts generally look at the context of

the whole communication, including its tone and purpose, to determine the statement's fact-or-opinion status (*see Brian v Richardson, supra* at 51; *Ferris v Loyal Order of Moose Oneonta Lodge No. 465*, 259 AD2d 914, 915 [1999], *lvs dismissed* 94 NY2d 838 [1999], 94 NY2d 873 [2000]), the newspaper article containing the allegedly defamatory statements was not included in the record. In any event, viewing those statements alone, a reasonable reader would view FitzRandolph's statements as mere puffery or as reflecting his opinion, rather than fact, and therefore they are not actionable (*compare Millus v Newsday, Inc., supra*; *Dancer v Bergman*, 246 AD2d 573 [1998], *appeal dismissed* 92 NY2d 876 [1998]).

FitzRandolph is likewise entitled to summary judgment on plaintiff's cause of action alleging defamation through FitzRandolph's report to police that plaintiff threatened his life. Such a statement does not constitute slander per se (*see Liberman v Gelstein*, 80 NY2d 429, 434-435 [1992]). Consequently, plaintiff was required to plead and prove special damages, i.e., " 'the loss of something having economic or pecuniary value' " (*id.* at 434-435, quoting Restatement [Second] of Torts § 575, Comment *b*; *see Tourge v City of Albany*, 285 AD2d 785, 786 [2001]). As plaintiff has failed to establish special damages related to that statement, that cause of action was properly dismissed.

Cardona, P.J., Mercure and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.