CANCER ACTION NY et al., Appellants, v ST. LAWRENCE COUNTY NEWSPAPERS CORPORATION, Doing Business as THE OGDENSBURG JOURNAL and ADVANCE NEWS, et al., Respondents. [784 NYS2d 727]—

Lahtinen, J. Appeal from an order of the Supreme Court (Demarest, J.), entered July 21, 2003 in St. Lawrence County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiffs have engaged in a concerted effort since the spring of 2000 to block Chatham Forest Products from constructing and operating an oriented strand board* plant in the Town of Lisbon, St. Lawrence County. They have assiduously advocated their views at municipal hearings, public gatherings, letters to newspapers, and in a variety of other avenues as self-proclaimed activists, including running for public office. In the current defamation action, plaintiffs contend that various newspaper editorials and articles, which dealt primarily with matters surrounding the proposed plant controversy, contained libelous statements about them. Defendants' motion for summary judgment dismissing the complaint was granted in a thorough decision by Supreme Court. Plaintiffs appeal.

A libel action can succeed only if premised upon an assertion of facts (not opinions) that are false and rise to the level of being defamatory (*see Brian v Richardson*, 87 NY2d 46, 51 [1995]; *see also Millus v Newsday*, 89 NY2d 840, 842 [1996], *cert denied* 520 US 1144 [1997]). Where the plaintiff is a public figure, a layer of protection from liability grounded in the constitution is added, requiring a showing of clear and convincing evidence that the defendant acted with actual malice (*see Freeman v Johnston*, 84 NY2d 52, 56-57 [1994], *cert denied* 513 US 1016 [1994]). This high hurdle reflects "our 'profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open'" (*Mahoney v Adirondack*

---

* An oriented strand board is a wood product made by layering thin strands of wood in specific orientations. The strands are held together by various adhesives. The product is typically used in place of plywood as sheathing for walls, floors and roofs.

*Publ. Co.*, 71 NY2d 31, 38 [1987], quoting *New York Times Co. v Sullivan*, 376 US 254, 270 [1964]).

There has been a robust debate regarding the oriented strand board plant and, within the context of that debate, plaintiffs have been found to be public figures (*see Hassig v FitzRandolph*, 8 AD3d 930, 931 [2004]; *see also Wilsey v Saratoga Harness Racing*, 140 AD2d 857, 858-859 [1988]). Accordingly, to avert summary dismissal, they must show not only defamation by defendants but also clear and convincing evidence of actual malice. This, they have failed to do.

As to the five editorials that plaintiffs contend contained libelous statements, we note that "the common expectation is that the columns and articles published on a newspaper's Op Ed sections will represent the viewpoints of their authors and, as such, contain considerable hyperbole, speculation, diversified forms of expression and opinion" (*Brian v Richardson, supra* at 53). These editorials were discussed in detail by Supreme Court and we agree that, viewed within the context of the spirited debate regarding important public issues and involving public figures, the comments in the editorials are properly characterized as opinions and, even if they were found to be assertions of fact, they fail to clear the combined hurdles of constituting defamatory false facts and being motivated by actual malice. Similarly, in light of the relevant circumstances, the other complained-of statements in various articles published by defendants are not actionable. Indeed, several of the statements were comments attributed by a reporter to the project's supporters, none of whom denied making the comments.

Plaintiffs' remaining arguments have been considered and found unpersuasive.

Mercure, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, with costs.