■ HARRIET A. GILLIAM, Appellant, v RICHARD M. GREENSPAN, P.C., et al., Respondents. [793 NYS2d 526]—

In an action to recover damages for defamation and injurious falsehood, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Cohalan, J.), entered June 3, 2003, which granted the defendants' motion for summary judgment and dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff is an attorney. She represented a client in an action in federal court against a client of the defendant law firm. The defendant Malcolm Goldstein, an attorney with the firm, wrote a letter to the plaintiff and urged her to withdraw the suit. After a discussion of what Goldstein believed to be the relevant case law and its proper application to the facts, Goldstein asserted that "good sense and a refreshed knowledge of the law and facts" should persuade the plaintiff that her client would not prevail, despite her "passionate desire to give the client what she wanted." Further, he opined, the plaintiff was doing a "distinct disservice" to her client if she was encouraging her to believe to the contrary, and a "further disservice" if she was "attempting to benefit from her [client's] misfortune." The stated purpose of the letter was to establish a basis for a motion seeking sanctions for frivolous conduct pursuant to rule 11 of

the Federal Rules of Civil Procedure should the suit be continued. A copy of the letter was sent to the defendant law firm's client. The plaintiff commenced this action alleging defamation and injurious falsehood based on the letter. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint. We affirm.

In light of, inter alia, the context of the communication in which the complained-of statements were made, the statements were opinion, not fact, and are not actionable as defamation (*see Brian v Richardson,* 87 NY2d 46 [1995]; *Weiner v Doubleday & Co.,* 74 NY2d 586 [1989], *cert denied* 495 US 930 [1990]; *Lesyk v Putnam County News & Recorder,* 164 AD2d 881 [1990]; *see also Brancaleone v Mesagna,* 290 AD2d 467 [2002]; *Miness v Alter,* 262 AD2d 374 [1999]; *Rappaport v VV Publ. Corp.,* 223 AD2d 515 [1996]; *DRT Constr. Co. v Lenkei,* 176 AD2d 1229 [1991]).

Further, in opposition to the defendants' prima facie demonstration of entitlement to judgment as a matter of law dismissing the cause of action alleging injurious falsehood, the plaintiff failed to raise a triable issue of fact that the defendants made false statements, maliciously and with the intent to harm her, or recklessly and without regard to their consequences, and that a reasonably prudent person would have or should have anticipated that damage to her would naturally flow therefrom (*see L.W.C. Agency v St. Paul Fire & Mar. Ins. Co.,* 125 AD2d 371 [1986]). Moreover, the plaintiff did not allege special damages (*see Lesesne v Lesesne,* 292 AD2d 507 [2002]; *DiSanto v Forsyth,* 258 AD2d 497 [1999]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Ritter, J.P., Luciano, Mastro and Skelos, JJ., concur.