■ Romolo Versaci, Appellant, v Diane C. Richie, Respondent. [815 NYS2d 350]—

Mercure, J.P. Appeal from an order of the Supreme Court (Catena, J.), entered March 14, 2005 in Schenectady County, which dismissed the amended complaint.

Plaintiff is an attorney who represented another party in litigation that also involved defendant. Thereafter, defendant posted a message on www.SchenectadyNY.info, a public forum Web site, in which she referred to plaintiff as a "so called attorney." Citing that phrase, plaintiff commenced this action asserting a cause of action for defamation. Supreme Court ruled that the comment published by defendant was nonactionable "personal opinion and rhetorical hyperbole," and dismissed the amended complaint. Plaintiff appeals.

A claim in defamation must rest upon an assertion of fact that is capable of being proven false; a defamation cause of action cannot be premised upon the assertion of an opinion (*see Brian v Richardson*, 87 NY2d 46, 51 [1995]; *Hassig v FitzRandolph*, 8 AD3d 930, 931 [2004]). Whether a statement is an assertion of fact or opinion is an inquiry to be resolved by the court (*see Gross v New York Times Co.*, 82 NY2d 146, 153 [1993]), which must consider the context and content of the communication as a whole, including its tone and apparent

purpose (*see Brian v Richardson, supra* at 51; *Gilliam v Richard M. Greenspan, P.C.,* 17 AD3d 634, 635 [2005]; *Cancer Action NY v St. Lawrence County Newspapers Corp.,* 12 AD3d 880, 881 [2004], *lv denied* 4 NY3d 705 [2005]; *Hassig v FitzRandolph, supra* at 931-932). Here, the isolated phrase "so called attorney" of which plaintiff complains was asserted on an Internet public message board, which, as characterized even by plaintiff, is a forum where people air concerns about any matter. The particular message posted by defendant was a rambling commentary about litigation relating to home improvements performed by plaintiff's client in which defendant used the word "REAL" to refer to a secretary, an attorney, a judge and a court. In reference to plaintiff and an apparent incident with a pipe, defendant stated, "[s]omeone tell Scoobies [*sic*] so called attorney there is a smoking law in New York State." Clearly, no reasonable reader of defendant's statement would construe this phrase to be a false assertion that plaintiff was not, in fact, an attorney (*see Gilliam v Richard M. Greenspan, P.C., supra* at 635; *Trustco Bank of N.Y. v Capital Newspaper Div. of Hearst Corp.,* 213 AD2d 940, 942 [1995]; *Beinin v Berk,* 88 AD2d 884 [1982], *affd on mem below* 58 NY2d 660 [1982]). Supreme Court properly construed defendant's statement as opinion, and correctly dismissed the amended complaint.

Peters, Spain, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.