■ DAVID A. KIPPER, M.D., Respondent, et al., Plaintiff, v NYP HOLDINGS CO., INC., Doing Business as THE NEW YORK POST, Appellant. [852 NYS2d 56]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered May 22, 2007, which, to the extent appealed from, denied defendant's motion for summary judgment to dismiss the claim of plaintiff in his individual capacity, unanimously reversed, on the law, with costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

This libel action was commenced after defendant, in rewriting an article first published in the Los Angeles Times, changed a sentence that originally stated the California Medical Board had "moved to" revoke plaintiff's medical license for overprescribing medication, to assert incorrectly that the State Board had in fact revoked his license. Although defendant subsequently published a retraction and pointed out its error, plaintiff still seeks damages for the admitted falsity. However, it is well settled that where a plaintiff is a public figure, he must establish, with convincing clarity, that the purportedly defamatory statement was made with "actual malice," i.e., "with knowledge that it was false or with reckless disregard of whether it was false or not" (*New York Times Co. v Sullivan*, 376 US 254, 279-280 [1964]).

The omission of the words "moved to" from the sentence concerning the actions of the California Medical Board with respect to plaintiff does not, without more, demonstrate defendant's malice toward plaintiff (*see Millus v Newsday, Inc.*, 89 NY2d 840 [1996], *cert denied* 520 US 1144 [1997]). Indeed, plaintiff does not claim, much less show, that defendant knowingly published a falsity about him in an effort to harm his reputation. He alleges, instead, that defendant acted recklessly, carelessly and/or negligently in not determining the veracity of statements it made about him; but negligence alone does not constitute malice. In the absence of any evidence that would support a jury verdict in favor of plaintiff, defendant is entitled to summary judgment dismissing the complaint (*see Freeman v Johnston*, 84 NY2d 52, 57 [1994], *cert denied* 513 US 1016 [1994]). Concur—Andrias, J.P., Nardelli, Williams, Catterson and Moskowitz, JJ. [*See* 15 Misc 3d 1136(A), 2007 NY Slip Op 51005(U).]