■ LISA GENTILE, Appellant, v GRAND STREET MEDICAL ASSOCIATES, Respondent. [911 NYS2d 743]—

---

* Notably, Maitland averred that he was rarely home in 2007 because his job required him to engage in extensive travel.

Peters, J. Appeal from an order of the Supreme Court (Connolly, J.), entered September 3, 2009 in Ulster County, which, among other things, granted defendant's motion for summary judgment dismissing the complaint.

The Daily Freeman, a Kingston-based newspaper, published an article on May 2, 2008 reporting that a sexual harassment suit had been filed against defendant by three of its former employees. The article detailed the allegations of that lawsuit, and also reported that defendant had previously settled a sexual harassment suit brought by plaintiff, another former employee, on confidential terms. Approximately three weeks later, defendant published a "paid advertisement" in the Daily Freeman responding to the May 2, 2008 article. In that advertisement, defendant denied all current accusations of wrongdoing and noted that "[t]he prior lawsuits mentioned in the Daily Freeman were resolved by the parties on confidential terms with no acknowledgment of any wrongdoing by any parties." The advertisement went on to state that "[g]enerally, people work hard to make a living and contribute to the community. It is a shame that several people in the community who do not want to work, hold jobs and want to make easy money, find a few lawyers who make a living exploiting hard working people and corporations. These people lower the standards of both the society and country." Citing this language, plaintiff thereafter commenced the instant action against defendant for defamation. Following joinder of issue, defendant moved and plaintiff cross-moved for summary judgment. Supreme Court granted defendant's motion and dismissed the complaint, concluding that the paid advertisement contained nonactionable statements of opinion. Plaintiff appeals.

"Since falsity is a requirement of a defamation claim and only factual assertions are capable of being proven false, defamation actions can only be premised on assertions of fact, not opinion" (*Hassig v FitzRandolph*, 8 AD3d 930, 931 [2004]; *see Brian v Richardson*, 87 NY2d 46, 51 [1995]; *Versaci v Richie*, 30 AD3d 648, 649 [2006], *lv denied* 7 NY3d 710 [2006]). Whether a particular statement constitutes a factual assertion or nonactionable expression of opinion is a question of law for the court to resolve (*see Mann v Abel*, 10 NY3d 271, 276 [2008], *cert denied* 555 US —, 129 S Ct 1315 [2009]), with consideration to be given to "(1) whether the specific language in issue has a precise meaning which is readily understood; (2) whether the statements are capable of being proven true or false; and (3) whether either the full context of the communication in which the statement appears or the broader social context and surrounding cir-

cumstances are such as to signal . . . readers or listeners that what is being read or heard is likely to be opinion, not fact" (*id.* [internal quotation marks and citations omitted]; *see Bonanni v Hearst Communications, Inc.*, 58 AD3d 1091, 1092 [2009]). Thus, our inquiry distills to whether a reasonable reader would believe that the paid advertisement was conveying facts about plaintiff (*see Brian v Richardson*, 87 NY2d at 51; *Gross v New York Times Co.*, 82 NY2d 146, 152 [1993]; *600 W. 115th St. Corp. v Von Gutfeld*, 80 NY2d 130, 139 [1992], *cert denied* 508 US 910 [1993]).

Considering the content, context, tone and defensive posture of the advertisement (*see Mann v Abel*, 10 NY3d at 276), we find that a reasonable reader would conclude that the statements represented the opinion of the author. "[E]ven apparent statements of fact may assume the character of statements of opinion, and thus be privileged, when made in . . . circumstances in which an 'audience may anticipate [the use] of epithets, fiery rhetoric or hyperbole' " (*Steinhilber v Alphonse*, 68 NY2d 283, 294 [1986], quoting *Information Control Corp. v Genesis One Computer Corp.*, 611 F2d 781, 784 [9th Cir 1980]; *see Brian v Richardson*, 87 NY2d at 52). Here, defendant was in the midst of litigation involving accusations of sexual harassment by three of its employees. The statement, conspicuously labeled as a "paid advertisement," explicitly informed the reader that defendant was responding to an article regarding the alleged inappropriate conduct of one of its employees, and which alleged that it "aided and abetted" the abuse through mismanagement of personnel issues. A civil lawsuit, particularly one charging sexual harassment in the workplace, is by its nature contentious and an average reader would recognize that statements made by the alleged wrongdoer in an "advertisement" published under such circumstances are likely to be the product of passionate advocacy. In this context, it is highly unlikely that the challenged statements would be understood as statements of fact, rather than a rhetorical expression of the author's opinion as to the motive for bringing the sexual harassment lawsuits (*see 600 W. 115th St. Corp. v Von Gutfeld*, 80 NY2d at 141; *Information Control Corp. v Genesis One Computer Corp.*, 611 F2d at 784). Furthermore, the loose and generalized statement that those who brought the lawsuits "do not want to work" or "hold jobs" and simply "want to make easy money" by "find[ing] a few lawyers who make a living exploiting hard working people and corporations" is not capable of being proven true or false (*see 600 W. 115th St. Corp. v Von Gutfeld*, 80 NY2d at 142; *compare Wilcox v Newark Val. Cent. School Dist.*, 74 AD3d 1558, 1561 [2010]; *Rabushka v Marks*,

229 AD2d 899, 902 [1996]).* Under these circumstances, we conclude that the statements at issue constitute nonactionable opinion.

Moreover, a defamation claim requires proof of special damages, meaning economic or financial loss, unless the alleged defamatory statements fall within an exception in which damages are presumed (*see Liberman v Gelstein*, 80 NY2d 429, 434-435 [1992]). Here, plaintiff has neither alleged nor demonstrated special damages, and the statements at issue do not, on their face, allege a serious crime or relate to a matter of significance and importance in her profession (*see id.*; *Aronson v Wiersma*, 65 NY2d 592, 594 [1985]; *Tourge v City of Albany*, 285 AD2d 785, 786 [2001]; *Clemente v Impastato*, 274 AD2d 771, 773 [2000]; *Warlock Enters. v City Ctr. Assoc.*, 204 AD2d 438 [1994]). Thus, in addition to being expressions of opinion, defendant's statements were not defamatory per se and, therefore, not actionable in light of plaintiff's failure to allege or establish special damages (*see Hassig v FitzRandolph*, 8 AD3d at 932; *Butler v Ratner*, 210 AD2d 691, 694 [1994], *lv dismissed* 85 NY2d 924 [1995]).

Cardona, P.J., Spain, Kavanagh and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.

---

* With respect to the statement in the advertisement that plaintiff's lawsuit was settled "with no acknowledgment of any wrongdoing by any parties," there has been no assertion that it is false.