■ Louis Galanos, Doing Business as Paramount Amusement and Vending Company, et al., Appellants, v Robert Cifone et al., Respondents. [923 NYS2d 600]—

In an action, inter alia, to recover damages for libel, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Sproat, J.), dated May 11, 2010, as granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (7) to dismiss the first and second causes of action.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the first cause of action, and substituting therefor a provision deny-

ing that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiffs commenced this action against the defendants to recover damages for allegedly defamatory statements contained in several letters the defendants sent to business owners, allegedly as part of an effort to convince the recipients to do business with the defendants rather than with the plaintiffs. The defendants moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action. The Supreme Court granted those branches of the motion which were to dismiss the first cause of action, which was based on a letter dated March 31, 2009, written and sent by the defendants to a business owner who allegedly was a prospective or current customer of the plaintiffs, and the second cause of action, which was based on a letter dated July 7, 2008, written and sent by the defendants to a business owner who also allegedly was a prospective or current customer of the plaintiffs, but who appeared to have previously been a customer of the defendants. The Supreme Court denied the remaining branches of the motion. The plaintiffs appeal from so much of the order as granted those branches of the defendants' motion which were to dismiss their first and second causes of action. We modify.

In determining whether the first and second causes of action state a cause of action alleging defamation, "[t]he dispositive inquiry . . . is whether a reasonable reader could have concluded that the [statements] were conveying facts about the plaintiff. Since falsity is a necessary element of a defamation cause of action and only facts are capable of being proven false, it follows that only statements alleging facts can properly be the subject of a defamation action" (*Gross v New York Times Co.*, 82 NY2d 146, 152-153 [1993] [internal quotation marks, brackets and citations omitted]; *see Millus v Newsday, Inc.*, 89 NY2d 840, 842 [1996], *cert denied* 520 US 1144 [1997]; *Immuno AG. v Moor-Jankowski*, 77 NY2d 235, 243 [1991], *cert denied* 500 US 954 [1991]).

Here, contrary to the determination of the Supreme Court, the first cause of action, which alleged that the defendants made defamatory statements in the letter dated March 31, 2009, as well as in enclosures thereto, regarding, inter alia, a purported federal law prohibiting convicted felons from operating or performing administrative duties related to automatic teller machines and speculation that the plaintiffs were circumventing that law, were reasonably susceptible of a defamatory meaning and did not constitute personal opinion since they reasonably appeared to contain assertions of objective fact, which do

not fall within the scope of protected opinion (*see Gross v New York Times Co.*, 82 NY2d at 155-156; *Kotowski v Hadley*, 38 AD3d 499, 500 [2007]; *cf. Mann v Abel*, 10 NY3d 271, 276-277 [2008], *cert denied* 555 US —, 129 S Ct 1315 [2009]; *Millus v Newsday, Inc.*, 89 NY2d at 842; *Brian v Richardson*, 87 NY2d 46, 53-54 [1995]; *Steinhilber v Alphonse*, 68 NY2d 283, 294 [1986]). Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was to dismiss the first cause of action pursuant to CPLR 3211 (a) (7).

The Supreme Court properly granted that branch of the defendants' motion which was to dismiss the second cause of action, which alleged that the defendants made a defamatory statement in the letter dated July 7, 2008, advising the recipient that it could have "avoided any IRS complications" if it had remained the defendants' customer. Accepting the facts as alleged in the complaint as true and according the plaintiffs the benefit of every possible favorable inference (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Sokol v Leader*, 74 AD3d 1180, 1180-1181 [2010]), such statement was not reasonably susceptible of a defamatory meaning, as a reasonable reader would conclude that it was merely a rhetorical flourish intended to convince the recipient to do business with the defendants, not an assertion of fact (*see Mann v Abel*, 10 NY3d at 276-277; *Millus v Newsday, Inc.*, 89 NY2d at 842; *Brian v Richardson*, 87 NY2d at 53-54; *Steinhilber v Alphonse*, 68 NY2d at 294; *cf. Gross v New York Times Co.*, 82 NY2d at 155-156). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was to dismiss the second cause of action pursuant to CPLR 3211 (a) (7). Mastro, J.P., Belen, Chambers and Roman, JJ., concur.