■ ROBERT LIERE, Appellant, v AUDREY PAINI et al., Respondents. [940 NYS2d 900]—

In an action to recover damages for libel, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), entered October 25, 2010, which granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint is denied.

The plaintiff commenced this action against the defendants to recover damages for allegedly defamatory statements contained in a letter the defendants sent to various local and state officials, including the Brookhaven Town Supervisor, the Suffolk County Executive, and the Suffolk County District Attorney, for the purpose of convincing the recipients to address certain activities the defendants asserted the plaintiff was undertaking on his neighboring farm that they claimed were "definitely illegal." The defendants moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action, and the Supreme Court granted the motion.

In determining whether a complaint states a cause of action to recover damages for defamation, "[t]he dispositive inquiry . . . is whether a reasonable [reader] could have concluded that [the (statements) were] conveying facts about the plaintiff" (*Gross v New York Times Co.*, 82 NY2d 146, 152 [1993] [internal quotation marks omitted]; *see Millus v Newsday, Inc.*, 89 NY2d 840, 842 [1996], *cert denied* 520 US 1144 [1997]; *Immuno AG. v Moor-Jankowski*, 77 NY2d 235, 243 [1991]). "Since falsity is a necessary element of a defamation cause of action and only facts are capable of being proven false, it follows that only statements alleging facts can properly be the subject of a defamation action" (*Gross v New York Times Co.*, 82 NY2d at 152-153 [internal quotation marks omitted]).

Here, contrary to the Supreme Court's determination, the allegations of the complaint, essentially that the defendants made defamatory statements in the letter regarding the alleged illegal activities in which the plaintiff was engaging on his farm, "were reasonably susceptible of a defamatory meaning and did not constitute personal opinion since they reasonably appeared to contain assertions of objective fact, which do not fall within the scope of protected opinion" (*Galanos v Cifone*, 84 AD3d 865, 866-867 [2011]; *see Gross v New York Times Co.*, 82 NY2d at 155; *Kotowski v Hadley*, 38 AD3d 499, 500 [2007]; *cf. Mann v Abel*, 10 NY3d 271, 276-277 [2008], *cert denied* 555 US 1170 [2009]; *Millus v Newsday, Inc.*, 89 NY2d at 842; *Brian v Richardson*, 87 NY2d 46, 53-54 [1995]; *Steinhilber v Alphonse*, 68 NY2d 283, 294 [1986]).

Accordingly, the Supreme Court should not have granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint. Rivera, J.P., Chambers, Austin and Roman, JJ., concur.