■ DIANE COE, Appellant, v TOWN OF CONKLIN et al., Respondents. [942 NYS2d 255]—

McCarthy, J. Appeal from an order of the Supreme Court (Lebous, J.), entered June 20, 2011 in Broome County, which, among other things, granted defendants' motion to dismiss the complaint.

Plaintiff was the court clerk employed by defendant Town of Conklin, where she served under defendant Town Justice J. Marshall Ayres. Ayres terminated plaintiff on September 24, 2009. On September 25, 2009, the Town Board held a special

meeting where Ayres discussed the termination and requested approval to hire a new court clerk. Ayres made statements at that meeting that plaintiff alleges are defamatory regarding her work and qualifications. The minutes of the meeting were later approved and published on the Town's Web site, as required by law (*see* Public Officers Law § 106).

Plaintiff served defendants with a notice of claim in December 2009 and commenced this action on October 11, 2010. Defendants moved to dismiss the complaint based upon, among other things, the statute of limitations and failure to state a cause of action. Plaintiff opposed the motion and cross-moved to amend her complaint, thereby removing the Town Board as a defendant and deleting certain factual allegations and one cause of action. Supreme Court granted the cross motion to amend the complaint. The court then treated defendants' motion as one to dismiss the amended complaint and granted that motion, finding that the slander cause of action against Ayres was time-barred and the amended complaint failed to state a libel cause of action against the Town.[1] Plaintiff appeals.

Supreme Court erred in dismissing the slander cause of action against Ayres as untimely. "An action . . . must be commenced within the time specified in [CPLR article 2] unless a different time is prescribed by law" (CPLR 201). Pursuant to CPLR article 2, an action for slander must be commenced within one year from the date that the defendant made the defamatory statement (*see* CPLR 215 [3]). For an action against a municipality for personal injury—which is defined to include claims based in libel and slander (*see* General Construction Law § 37-a)—a different time period is prescribed by law (*see* General Municipal Law § 50-i [1] [c]), however, and "shall be applicable notwithstanding any inconsistent provisions of law" (General Municipal Law § 50-i [2]). Such actions "shall be commenced within one year and [90] days after the happening of the event upon which the claim is based" (General Municipal Law § 50-i [1] [c]).

While the libel claim against the Town had to be filed within one year and 90 days of the Town's publication of the allegedly defamatory statements (*see* General Municipal Law § 50-i [1] [c]), the time limit for the slander cause of action depends upon who is the real party in interest. If Ayres was acting solely on his own behalf, the Town would not be liable for his actions and the one-year statute of limitations would apply to the cause of action against him (*see* CPLR 215 [3]). If Ayres was acting

---

**1.** Supreme Court found that the libel cause of action against the Town was timely. No party has challenged that finding.

within the scope of his employment with the Town, however, the Town may be liable for his conduct and would thus be the real party in interest; in those circumstances, General Municipal Law § 50-i would apply (*see Ruggiero v Phillips*, 292 AD2d 41, 44 [2002]).[2] As plaintiff has not alleged that Ayres was acting outside the scope of his employment and, indeed, plaintiff refers to him throughout the complaint by his official title, the Town is the real party in interest. Thus, plaintiff's slander cause of action was timely because the complaint was filed less than one year and 90 days after the statements were made.

Nevertheless, Supreme Court correctly determined as a matter of law that defendants' statements were not defamatory.[3] Defamation actions can only be based upon assertions of fact, not opinion (*see Brian v Richardson*, 87 NY2d 46, 51 [1995]; *Gentile v Grand St. Med. Assoc.*, 79 AD3d 1351, 1352 [2010]). "Whether a particular statement constitutes an opinion or an objective fact is a question of law" to be resolved by the court (*Mann v Abel*, 10 NY3d 271, 276 [2008], *cert denied* 555 US 1170 [2009] [citation omitted]). In making that determination, "[t]he words must be construed in the context of the entire statement or publication as a whole, tested against the understanding of the average reader, and if not reasonably susceptible of a defamatory meaning, they are not actionable and cannot be made so by a strained or artificial construction" (*Aronson v Wiersma*, 65 NY2d 592, 594 [1985]; *accord Golub v Enquirer/Star Group*, 89 NY2d 1074, 1076 [1997]). Because plaintiff did not plead special damages, the statements will only be considered defamatory if they meet an exception in which damages are presumed, such as if they "relate to a matter of significance and importance in her profession" (*Gentile v Grand St. Med. Assoc.*, 79 AD3d at 1354; *see Liberman v Gelstein*, 80 NY2d 429, 435-436 [1992]).

Plaintiff cites several statements that she alleges are defamatory. When asked if plaintiff had been given warnings prior to termination, Ayres replied that he had "four pages of warnings documented in her file." Although the existence of such written warnings is a factual matter and is capable of being proven

---

**2.** Municipal employers are statutorily required to indemnify employees under certain circumstances (*see* General Municipal Law §§ 50-a [employees operating vehicles], 50-c [operation of vehicles by police officers and firefighters], 50-d [malpractice by certain medical professionals], 50-j [negligence of police officers]; *see also Clark v City of Ithaca*, 235 AD2d 746, 747 [1997]), rendering the municipality the real party in interest in all such cases.

**3.** The same statements are relevant to the slander and libel causes of action; Ayres made them orally at the Town Board meeting and the Town then published written minutes containing those statements.

false, this statement is, as a matter of law, not defamatory. While it reflects on her employment or general character, the statement does not attack plaintiff's professional reputation or relate to something significant to being a court clerk (*see Gentile v Grand St. Med. Assoc.*, 79 AD3d at 1354; *Kowalczyk v McCullough*, 55 AD3d 1208, 1211 [2008]; *Clemente v Impastato*, 274 AD2d 771, 773 [2000]). The content of the warnings is unknown, and could refer to administrative issues such as attendance problems or failing to turn in time sheets (*see Aronson v Wiersma*, 65 NY2d at 594). Determining the nature of the warnings would require delving into extrinsic facts, but "statements cannot be slanderous per se if reference to extrinsic facts is necessary to give them a defamatory import" (*id.* at 594-595).

Ayres also made statements, independently and in response to questions, about the person he chose to replace plaintiff as court clerk. He stated that this individual was "very good at dealing with the public," which is necessary for a court clerk. He further stated that "[t]his is a position where I need someone I can trust, and someone who can keep their mouth shut, and who can do the work without making a bunch of mistakes . . . if you get someone in here for cheap, you could end up back down at County Court again." As noted in the original complaint—although not in the amended complaint—the latter portion of the statement apparently referred to a previous court clerk who had embezzled money from the Town and was charged criminally for that behavior. As this portion did not refer to plaintiff, it cannot be defamatory toward her. The remainder of this statement by Ayres consists of his assessment of the replacement court clerk and the qualifications for the position. While plaintiff infers that Ayres was implying that she lacked those qualifications, when placed in context and viewed from the understanding of the average reader, those words did not concern and were not directed at plaintiff. They are unactionable opinion of the necessary attributes of a potential employee, not an attack on plaintiff's abilities or professional competency (*see Versaci v Richie*, 30 AD3d 648, 649 [2006], *lv denied* 7 NY3d 710 [2006]). Interpreting the words to include the implication that plaintiff is assuming Ayres meant "would strain the words beyond their fair meaning" (*Wilcox v Newark Val. Cent. School Dist.*, 74 AD3d 1558, 1561 [2010]). As all of the statements were either opinion, not directed at plaintiff or needed extrinsic facts to make them defamatory, Supreme Court correctly determined that the statements were not defamatory as a matter of law and, thus, dismissed the complaint.

Spain, J.P., Malone Jr., Kavanagh and Egan Jr., JJ., concur.

Ordered that the order is affirmed, without costs. **[Prior Case History: 31 Misc 3d 1245(A), 2011 NY Slip Op 51117(U).]**