■ PYRAMID BROKERAGE COMPANY, INC., Respondent-Appellant, v CITIBANK (NEW YORK STATE), N. A., Appellant-Respondent, et al., Defendant. (Appeal No. 1.)—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Plaintiff alleges that on April 3, 1985 it reached an agreement with defendant CCI whereby CCI would pay it a 4% real estate commission on the proposed sale of an office building to defendant Citibank. It is further alleged that CCI subsequently repudiated the existence of the commission agreement and rejected plaintiff's commission claim. The unequivocal evidence establishes that Citibank had no knowledge of either the purported commission agreement or its repudiation. After CCI repudiated this agreement, plaintiff approached Citibank. Citibank indicated that it would attempt to aid plaintiff in obtaining a commission, but ultimately did not. Further, Citibank obtained an indemnification agreement from CCI to protect it from any commission claim by plaintiff.

Plaintiff commenced an action against Citibank, which in part alleges a cause of action for tortious interference by Citibank with plaintiff's contract with CCI. Citibank's summary judgment motion seeking to dismiss this cause of action was denied. This was error.

To sustain a cause of action for tortious interference with contract, plaintiff must establish the existence of a valid contract, defendant's knowledge of the contract, that defen-

dant intentionally procured the breach of that contract, and damages *(Israel v Wood Dolson Co.,* 1 NY2d 116, 120). Because Citibank neither knew of the contract nor undertook any action until after the alleged contract was repudiated by CCI, it cannot be held to have intentionally procured its breach. Further, Citibank's subsequent failure to protect plaintiff's interest, and its protection of its own interest by obtaining an indemnification agreement, does not constitute interference with this already breached agreement.

In all other respects, we affirm the order of Special Term. (Appeals from order of Supreme Court, Monroe County, Cornelius, J.—summary judgment.) Present—Dillon, P. J., Denman, Pine, Lawton and Davis, JJ.