■ MICHAEL FERRARO, Respondent-Appellant, v FINGER LAKES RACING ASSOCIATION, INC., Appellant-Respondent. EDWARD J. BABCOCK, Respondent, v FINGER LAKES RACING ASSOCIATION, INC., Appellant.—Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly granted defendant's motion for summary judgment dismissing the causes of action asserted in each plaintiff's complaint for prima facie tort and intentional interference with contract. The elements of a cause of action for prima facie tort are 1) the intentional infliction of harm, 2) which results in special damages, 3) without any excuse or justification, 4) by an act or series of acts which would otherwise be lawful (see, Freihofer v Hearst Corp., ·65 NY2d 135, 142-143; Curiano v Suozzi, 63 NY2d 113, 117). That tort "is designed to provide a remedy for intentional and malicious actions that cause harm and for which no traditional tort provides a remedy" (Curiano v Suozzi, supra, at 118). Here, defendant established its entitlement to judgment in its favor as a matter of law by the submission of evidentiary proof in admissible form demonstrating that its exclusion of plaintiffs from the race track was not based upon an improper or malicious motive or reason, but was based upon a desire to promote its legitimate business interests and the interests of thoroughbred horse racing. Plaintiffs failed to come forward with admissible proof to show the existence of a triable issue of fact regarding an improper motivation or reason for defendant's decision to exclude them from the track.

In order "[t]o sustain a cause of action for tortious interference with contract, [a] plaintiff must establish the existence of a valid contract, defendant's knowledge of the contract, that defendant intentionally procured the breach of that contract, and damages" (Pyramid Brokerage Co. v Citibank, 145 AD2d 912, 912-913; see also, Israel v Wood Dolson Co., 1 NY2d 116, 120). Here, defendant demonstrated its entitlement to judgment in its favor as a matter of law by establishing that it had no knowledge of plaintiffs' contracts with owners of thoroughbred horses and that it did not intentionally procure their breach. Plaintiffs failed to "produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which" they rest their claims (Zuckerman v City of New York, 49 NY2d 557, 562).

Supreme Court erred, however, in denying defendant's motion seeking summary judgment dismissing each plaintiff's cause of action for defamation. Defendant established its

entitlement to judgment in its favor as a matter of law by the submission of evidentiary proof in admissible form demonstrating that the statements of its general manager were not published with actual malice, which "requires clear and convincing evidence that the statement was made 'with knowledge that it was false or with reckless disregard of whether it was false' " *(Wilsey v Saratoga Harness Racing,* 140 AD2d 857, 859, quoting *New York Times Co. v Sullivan,* 376 US 254, 280; *see also, Mahoney v Adirondack Publ. Co.,* 71 NY2d 31, 35-36). Plaintiffs failed to come forward with proof in admissible form to raise an issue of fact whether the statements of defendant's general manager either were untrue or were motivated by reasons other than "the best interests of Finger Lakes Racing Association and thoroughbred racing in general". Accordingly, we modify the order by granting defendant's motion for summary judgment dismissing each plaintiff's complaint in its entirety. (Appeals from Order of Supreme Court, Ontario County, Harvey, J.—Summary Judgment.) Present—Denman, P. J., Boomer, Boehm and Davis, JJ.