■ DAVID S. GANDINO, Respondent, v PELION, INC., Appellant, et al., Defendant. (Appeal No. 1.) [612 NYS2d 989] —Judgment unanimously affirmed without costs. Memorandum: Plaintiff commenced this action alleging that defendants, Pelion, Inc. and Reagles, libeled him and that Pelion breached its contract with him. Following a jury trial, plaintiff was awarded $50,000 on his libel claim and $3,000 on his contract claim. Defendants moved to set aside the libel verdict on the ground that it was substantively erroneous and excessive in amount. The court denied defendants' substantive challenge

but, concluding that the verdict was excessive, ordered a new trial on the issue of damages unless plaintiff stipulated to accept $25,000. Both defendants now appeal from the order denying their motion to set aside the jury's finding of liability on the libel cause of action (appeal No. 2), and Pelion appeals from the judgment awarding plaintiff $3,000 for breach of contract (appeal No. 1).

The finding of liability against defendants on the libel cause of action must be set aside as unsupported by sufficient evidence (Cohen v Hallmark Cards, 45 NY2d 493, 498-499). Plaintiff failed to sustain his burden of showing that the statements were false (see, Gross v New York Times Co., 82 NY2d 146, 152-153; Immuno AG. v Moor-Jankowski, 77 NY2d 235, 245; Pollnow v Poughkeepsie Newspapers, 67 NY2d 778, 779-780; Rinaldi v Holt, Rinehart & Winston, 42 NY2d 369, 379-380, cert denied 434 US 969; McGill v Parker, 179 AD2d 98, 107-108; see generally, Philadelphia Newspapers v Hepps, 475 US 767, 776) and that they were made with actual malice, i.e., with intent to injure plaintiff, with knowledge of the falsity of the statements, or with reckless disregard of their truth or falsity (see, Shapiro v Health Ins. Plan, 7 NY2d 56, 61; cf., Pollnow v Poughkeepsie Newspapers, supra; Rinaldi v Holt, Rinehart & Winston, supra; Ferraro v Finger Lakes Racing Assn., 182 AD2d 1072, 1072-1073).

The evidence, in particular plaintiff's testimony, was sufficient to support the jury's award of $3,000 to plaintiff for breach of contract. (Appeal from Judgment of Supreme Court, Onondaga County, Pooler, J.—Breach of Contract.) Present— Denman, P. J., Balio, Lawton, Fallon and Davis, JJ.