■ J.C. Klein, Inc., et al., Appellants, v Michele Forzley et al., Individually and Doing Business as the Committee of Concerned Shareholders for 3 Hanover Square, Respondents. [734 NYS2d 157] —Orders, Supreme Court, New York County (Leland DeGrasse, J.), entered April 5 and June 29, 2000, which, insofar as appealed from, granted defendants' motions for summary judgment dismissing the complaint, unanimously affirmed, with costs.

The corporate plaintiff was the managing agent of a residential cooperative in which defendants are shareholders; the individual plaintiff is a principal of the corporate plaintiff and also a shareholder in the cooperative. In an effort to remove plaintiffs as the managing agent and put new leadership on the Board, defendants wrote a letter to the other shareholders

citing, among other things, the individual plaintiff's past criminal convictions and current difficulties with regulatory authorities, and questioning his character. Plaintiffs' cause of action for tortious interference with contract was properly dismissed because, while there is evidence that the letter was sent to third parties including other cooperatives at which plaintiffs were the managing agent, there is no evidence that any contract to which plaintiffs were party was breached as a result of the letter (see, NBT Bancorp v Fleet/Norstar Fin. Group, 87 NY2d 614, 620-621). The causes of action alleging that the letter is defamatory were properly dismissed because the offending comments therein either are not susceptible to a defamatory meaning or are opinions about the individual plaintiff's character accompanied by a recitation of the facts upon which they were based (see, Steinhilber v Alphonse, 68 NY2d 283, 289). The cause of action for intentional infliction of emotional distress was properly dismissed as plaintiffs' allegations do not show atrocious conduct beyond all possible bounds of decency (see, Murphy v American Home Prods. Corp., 58 NY2d 293, 303). We have considered plaintiffs' other contentions, including that they have a cause of action for prima facie tort, and find them unavailing. Concur—Sullivan, P. J., Rosenberger, Williams, Tom and Friedman, JJ.