LANA & SAMER, INC., et al., Appellants, v ERIC GOLDFINE et al., Respondents. [776 NYS2d 66]—

Judgment, Supreme Court, New York County (Jane S. Solomon, J.), entered April 30, 2003, which, after a nonjury trial, dismissed the complaint, unanimously affirmed, without costs.

In order to prevail on a claim for tortious interference with contract, it must be proven, among other things, that the contract would not have been breached but for the defendant's conduct (*Cantor Fitzgerald Assoc. v Tradition N. Am.*, 299 AD2d 204 [2002], *lv denied* 99 NY2d 508 [2003]). Plaintiffs, as assignee of a lease of equipment to Goldman, offered in evidence a letter from defendants' attorney, dated January 27, 1998, directing Goldman to send all future payments under that lease to defendants, rather than to plaintiffs. When plaintiffs then directed Goldman to make the payments to them, he stopped paying altogether, citing confusion over these competing claims.

Other evidence at trial indicated, however, that Goldman had been quarreling with plaintiffs over the condition of the property since signing his premises lease in 1994. This dispute reached a boiling point around the time the competing claims arose between the parties over who should receive the payments under Goldman's equipment lease. In fact, some two weeks prior to the letter from defendants' attorney, Goldman had notified plaintiffs that he would not be paying any more rent on the premises because of the many landlord/tenant issues; indeed, by mid-January, the premises had been closed by the Fire Department due to various code violations.

In light of this evidence, it cannot be concluded that plaintiffs carried their burden of showing Goldman would have continued making payments under the equipment lease through the date of his business entity's bankruptcy petition in December 1998, let alone until termination of that lease in 2005, "but for" the attorney's letter. In fact, the evidence suggests that given the problems Goldman was having with the premises, he seized upon the dispute between plaintiffs and defendants as an excuse for not paying rent under the equipment lease, since he had already withheld payment of the rent due on the premises. Plaintiffs have thus failed to establish by any direct evidence that the equipment lease between plaintiffs and Goldman was actually breached as a result of defendants' attorney's letter (*see J.C. Klein, Inc. v Forzley*, 289 AD2d 79, 80 [2001]). Concur—Nardelli, J.P., Saxe, Williams and Friedman, JJ.