■ KANSAS STATE BANK OF MANHATTAN, Respondent-Appellant, v HARRISVILLE VOLUNTEER FIRE DEPARTMENT, INC., et al., Appellants-Respondents. [886 NYS2d 278]—

Appeal and cross appeal from a judgment (denominated order) of the Supreme Court, Lewis County (Joseph D. McGuire, J.), entered January 30, 2009 in a breach of contract action. The judgment, inter alia, granted in part defendants' motion for summary judgment.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking, inter alia, damages for the breach of a lease purchase agreement (agreement) by defendant Harrisville Volunteer Fire Department, Inc. (HVFD) and for the tortious interference by defendant Danko Emergency Equipment Co. (Danko) with the agreement. Pursuant to the agreement, HVFD was to obtain financing from plaintiff for the purchase of a tanker fire truck manufactured by Danko and sold by a third-party distributor. We reject the contention of defendants on their appeal that Supreme Court erred in denying that part of their motion for summary judgment seeking a determination that the agreement is unenforceable. Pursuant to the agreement, and at HVFD's direction, plaintiff wired the amount of $110,000 to the third-party distributor identified by HVFD. Although HVFD may have been the victim of a fraudulent scheme by the distributor (*see Edinburg Volunteer Fire Co., Inc. v Danko Emergency Equip. Co.*, 55 AD3d 1108, 1109 [2008]), the payment by plaintiff at HVFD's direction constituted consideration and per-

formance of the agreement notwithstanding the fact that HVFD did not receive any benefit as a result of the transaction (*see Holt v Feigenbaum*, 52 NY2d 291, 300 [1981]).

With respect to plaintiff's cross appeal, we reject the contention of plaintiff that the court erred in denying that part of its cross motion for summary judgment on the sixth cause of action, seeking a determination that Danko tortiously interfered with the agreement with HVFD. "An essential element of such a claim is that the breach of contract would not have occurred but for the activities of the defendant" (*Cantor Fitzgerald Assoc. v Tradition N. Am.*, 299 AD2d 204 [2002], *lv denied* 99 NY2d 508 [2003]). Here, it is undisputed that HVFD communicated to plaintiff its intention to breach the agreement in November 2005, before Danko proposed an alternate financial arrangement to HVFD and Danko and HVFD entered into an indemnification agreement in March 2006. Thus, the court erred in concluding that Danko procured HVFD's breach of the agreement by entering into the indemnification agreement. Nevertheless, even in the event that it can be said that Danko tortiously interfered with the agreement, we agree with the court that such tortious interference was excusable, inasmuch as Danko acted with just cause in protecting its financial interest in the fire truck (*see Felsen v Sol Cafe Mfg. Corp.*, 24 NY2d 682, 687 [1969], *rearg denied* 25 NY2d 896 [1969]). Present—Scudder, P.J., Martoche, Peradotto, Carni and Gorski, JJ.