■ SUN GOLD, CORP., Appellant, v MOON STILLMAN et al., Defendants, and MARK B. STILLMAN et al., Respondents. [946 NYS2d 24]—

Orders, Supreme Court, New York County (O. Peter Sherwood, J.), entered July 1, 2010, which, insofar as appealed from, granted the motions of defendants Mark B. Stillman and RA 35 West 43 Enterprises, Inc. (landlord) for summary judgment dismissing the complaint as against them and all cross claims as against Stillman, unanimously affirmed, with costs.

The court properly awarded summary judgment dismissing plaintiff's causes of action for breach of contract, trespass, wrongful eviction, and tortious interference with contract. The claims were all premised upon plaintiff's assertion that defendants engaged in a scheme to deprive it of an interest in leased premises by inducing the landlord to enter into new leases with third parties for the same premises and term as provided for in plaintiff's lease. However, the undisputed evidence shows that prior to the alleged misconduct, plaintiff's lease was rendered void by its illegal use of the premises. The leased premises were equipped and advertised for the provision of massage services by unlicensed masseuses, constituting a public nuisance and violating applicable statutory, administrative code and zoning provisions (*see* Administrative Code of City of NY § 7-703 [f], [k]; NY City Zoning Resolution § 12-10; Education Law §§ 7802, 6512, 6513). The use of the premises also breached the terms of plaintiff's lease requiring compliance with all relevant laws and regulations, and was a non-complaint use under the premises' certificate of occupancy.

Accordingly, the court properly dismissed plaintiff's cause for breach of contract against the landlord, as plaintiff cannot establish proper performance under the lease (*see Hart v City Theatres Co.*, 215 NY 322 [1915]). The claims against the landlord alleging wrongful eviction and trespass were also properly dismissed since plaintiff's illegal use of the premises voided the lease and authorized the landlord to reenter (Real Property Law § 231 [1]). Plaintiff's claim against Stillman alleging tortious interference with contract is also not viable because plaintiff cannot show that "but for" Stillman's conduct, the lease would not have been breached (*see Lana & Samer v Goldfine*, 7 AD3d 300 [2004]). Moreover, the claims for wrongful eviction and trespass against Stillman were properly dismissed because the lease was rendered unenforceable by plaintiff's violation of its terms and illegal use of the premises, vitiating plaintiff's leasehold interest prior to Stillman's alleged malfeasance (*see* Real Property Law § 231 [1]).

Dismissal of plaintiff's causes of action for conversion of its leasehold and future business interests was also appropriate.

The conversion of intangible property is not actionable (*see Sporn v MCA Records*, 58 NY2d 482, 489 [1983]). Moreover, plaintiff failed to establish that the landlord and Stillman, as opposed to other named defendants, "exercised unauthorized dominion over plaintiff's assets or equipment to the exclusion of the plaintiff's rights" (*MBF Clearing Corp. v Shine*, 212 AD2d 478, 479 [1995]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Catterson, Richter and Manzanet-Daniels, JJ. **[Prior Case History: 28 Misc 3d 1213(A), 2010 NY Slip Op 51310(U).]**