■ KAM CONSTRUCTION CORP., Respondent, v MICHAEL J. BERGEY, Defendant, and TUG HILL ENVIRONMENTAL, LLC, et al., Appellants. [56 NYS3d 740]—

Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered May 5, 2016. The order denied the motion of defendants Tug Hill Environmental, LLC, and Tug Hill Construction, Inc., for summary judgment.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion of defendants Tug Hill Environmental, LLC and Tug Hill Construction, Inc. is granted and the complaint against them is dismissed.

Memorandum: Plaintiff commenced this action alleging, inter alia, that defendant Michael J. Bergey breached a 2008 clay mining contract with plaintiff and that defendants Tug Hill Environmental, LLC and Tug Hill Construction, Inc. (collectively, Tug Hill defendants) intentionally interfered with that contract and intentionally interfered with plaintiff's "prospec-

tive economic advantage." We conclude that Supreme Court erred in denying the motion of the Tug Hill defendants for summary judgment dismissing the complaint against them.

"Tortious interference with contract requires the existence of a valid contract between the plaintiff and a third party, defendant's knowledge of that contract, defendant's intentional procurement of the third-party's breach of the contract without justification, actual breach of the contract, and damages resulting therefrom" (*Lama Holding Co. v Smith Barney*, 88 NY2d 413, 424 [1996]; *see White Plains Coat & Apron Co., Inc. v Cintas Corp.*, 8 NY3d 422, 426 [2007]; *Weaver v Town of Rush*, 1 AD3d 920, 924 [2003]). Furthermore, "it must be proven, among other things, that the contract would not have been breached but for the defendant's conduct" (*Lana & Samer v Goldfine*, 7 AD3d 300, 301 [2004]; *see Kansas State Bank of Manhattan v Harrisville Volunteer Fire Dept., Inc.*, 66 AD3d 1409, 1411 [2009]). Even assuming, arguendo, that there are triable issues of fact concerning the existence of a valid contract between plaintiff and Bergey, and the Tug Hill defendants' actual knowledge of that contract, we conclude that the Tug Hill defendants established as a matter of law that they did not intentionally procure the breach of that contract. The Tug Hill defendants submitted evidence establishing that Bergey's decision to sell the property involved in the clay mining contract was made "prior to any involvement by" them (*Cantor Fitzgerald Assoc. v Tradition N. Am.*, 299 AD2d 204, 204 [2002], *lv denied* 99 NY2d 508 [2003]; *see Pyramid Brokerage Co. v Citibank [N.Y. State]*, 145 AD2d 912, 913 [1988]), and "plaintiff failed to proffer any evidence, in response to the [Tug Hill] defendant[s'] prima facie showing, that [they] intentionally procured a breach of the contract" (*Whitman Realty Group, Inc. v Galano*, 41 AD3d 590, 593 [2007]).

We further conclude that the Tug Hill defendants were entitled to summary judgment dismissing the cause of action for intentional interference with prospective economic advantage. To prevail on such a cause of action, a plaintiff must show "that the action complained of was motivated solely by malice or to inflict injury by unlawful means rather than by self-interest or other economic considerations" (*Matter of Entertainment Partners Group v Davis*, 198 AD2d 63, 64 [1993]; *see Advanced Global Tech., LLC v Sirius Satellite Radio, Inc.*, 44 AD3d 317, 318 [2007]). Here, the Tug Hill defendants established that they were motivated by " 'normal economic self-interest' " (*Radon Corp. of Am., Inc. v National Radon Safety Bd.*, 125 AD3d 1537, 1538 [2015], quoting *Carvel Corp.*

*v Noonan*, 3 NY3d 182, 190 [2004]), and plaintiff failed to submit any evidence to the contrary (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Present—Whalen, P.J., Centra, Lindley, Troutman and Scudder, JJ.