Canandaigua Natl. Bank & Trust Co. v Acquest S. Park, LLC (2019 NY Slip Op 02243)





Canandaigua Natl. Bank & Trust Co. v Acquest S. Park, LLC


2019 NY Slip Op 02243


Decided on March 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, DEJOSEPH, AND WINSLOW, JJ.


1247 CA 18-00855

[*1]CANANDAIGUA NATIONAL BANK AND TRUST COMPANY, PLAINTIFF,
v
ACQUEST SOUTH PARK, LLC, DEFENDANT-RESPONDENT, KINGSBURY CORPORATION, DEFENDANT-APPELLANT, ET AL., DEFENDANTS.

KINGSBURY CORPORATION, THIRD-PARTY PLAINTIFF-APPELLANT,WILLIAM L. HUNTRESS, THIRD-PARTY DEFENDANT-RESPONDENT.






UNDERBERG & KESSLER LLP, ROCHESTER (RONALD G. HULL OF COUNSEL), FOR DEFENDANT-APPELLANT AND THIRD-PARTY PLAINTIFF-APPELLANT.
RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (ANNE K. BOWLING OF COUNSEL), FOR DEFENDANT-RESPONDENT AND THIRD-PARTY DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered March 15, 2018. The order, insofar as appealed from, granted those parts of the motion of defendant Acquest South Park, LLC, to dismiss the fourth and fifth cross claims of defendant Kingsbury Corporation. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant-third-party plaintiff, Kingsbury Corporation (Kingsbury), appeals from an order insofar as it granted those parts of the motion of defendant Acquest South Park, LLC (Acquest) to dismiss Kingsbury's fourth and fifth cross claims, alleging tortious interference with contract and breach of the implied covenant of good faith and fair dealing, respectively. According to Kingsbury, Supreme Court erred in concluding that those cross claims fail to state a cause action (see CPLR 3211 [a] [7]). We affirm.
Kingsbury operated a manufacturing facility on premises it leased from Acquest pursuant to a written lease executed by the parties in 2012. Shortly after the lease was executed, Kingsbury borrowed from plaintiff, Canandaigua National Bank and Trust Company (CNB), approximately $6,000,000 pursuant to two loans that were partially secured by equipment and machinery used at the leased premises. Kingsbury failed to pay rent in September and October 2015, prompting Acquest to issue a Notice of Default advising Kingsbury that its failure to pay the amount due within five days could result in Acquest pursuing its remedies under the lease.
After Kingsbury failed to pay rent for an additional three months, Acquest sent an updated Notice of Default to Kingsbury. Approximately one month later, with the rent still unpaid, Acquest sent an email to Kingsbury indicating that it was considering allowing Kingsbury to move into another, smaller space. Three days later, however, Acquest entered the [*2]leased premises after hours and removed Kingsbury's equipment and machinery, which were placed in storage. Acquest thereafter formally notified Kingsbury in writing that it was terminating the lease based on nonpayment of rent. Without its equipment and machinery, Kingsbury was unable to conduct business. When CNB learned that Kingsbury had ceased doing business, it declared Kingsbury to be in default on the notes, which defined an event of default to include the situation in which the borrower "dissolves or ceases or suspends business."
CNB commenced this action against Kingsbury and Acquest, among other parties, asserting a cause of action for replevin against all defendants based on CNB's security interest in Kingsbury's equipment and machinery and a cause of action for breach of contract against Kingsbury based on its default under the notes. In its answer, Kingsbury asserted a number of cross claims against Acquest, two of which are relevant to this appeal. In its fourth cross claim, for tortious interference with contract, Kingsbury alleged that Acquest knew or should have known that causing Kingsbury to cease operations would deprive Kingsbury of the ability to pay its creditors, including CNB, thereby resulting in a default on the loans. According to the cross claim, Acquest, by causing Kingsbury to cease doing business, intentionally and wrongfully interfered with Kingsbury's contractual relations with CNB.
In its fifth cross claim, for breach of the implied covenant of good faith and fair dealing, Kingsbury alleged that Acquest was aware of Kingsbury's ongoing efforts to sell a portion of its business in order to raise the funds needed to satisfy the amount due under the lease, that Acquest "acted affirmatively to reassure Kingsbury that [Acquest] would continue to work with Kingsbury[,]" and that, by removing Kingsbury's equipment and machinery after leading Kingsbury to believe that a deal could be reached with respect to the unpaid rent, Acquest violated the implied covenant of good faith and fair dealing.
We reject Kingsbury's contention that the court erred in dismissing the cross claim for tortious interference with contract. "The tort of inducement of breach of contract, now more broadly known as interference with contractual relations, consists of four elements: (1) the existence of a contract between plaintiff and a third party; (2) defendant's knowledge of the contract; (3) defendant's intentional inducement of the third party to breach or otherwise render performance impossible; and (4) damages to plaintiff" (Kronos, Inc. v AVX Corp., 81 NY2d 90, 94 [1993] [emphasis added]; see Lama Holding Co. v Smith Barney, 88 NY2d 413, 424 [1996]; KAM Constr. Corp. v Bergey, 151 AD3d 1706, 1707 [4th Dept 2017]).
Here, although the cross claim alleges that Acquest caused Kingsbury to breach its contract with a third party, it does not allege that CNB or any other third party breached a contract with Kingsbury. Thus, contrary to Kingsbury's contention, the cross claim fails to state a cause of action for tortious interference with contract. Kingsbury relies on Stiso v Inserra Supermarkets (179 AD2d 878 [3d Dept 1992], lv denied 80 NY2d 757 [1992]) for the proposition that a cause of action for tortious interference with contract exists where the defendant caused the plaintiff to breach a contract with a third party. But Stiso predates Kronos, Inc. (81 NY2d at 94) and Lama Holding Co. (88 NY2d at 424-425), and in both of those cases the Court of Appeals explicitly stated that an element of the cause of action for tortious interference with contract is the defendant's intentional procurement of a third-party's breach of the contract without justification. We decline Kingsbury's invitation to modify the elements of the cause of action outlined by the Court of Appeals.
With respect to its cross claim for breach of the implied covenant of good faith and fair dealing, Kingsbury alleges that Acquest failed to renegotiate the lease in good faith. There was, however, no contractual requirement for Acquest to renegotiate the lease. Moreover, Kingsbury admits that it defaulted on the lease, the terms of which permitted Acquest to then terminate the lease, reenter the premises and remove Kingsbury's effects, which it did. "While the covenant of good faith and fair dealing is implicit in every contract, it cannot be construed so broadly as effectively to nullify other express terms of a contract, or to create independent contractual rights" (Fesseha v TD Waterhouse Inv. Servs., 305 AD2d 268, 268 [1st Dept 2003]). Thus, Kingsbury cannot use the covenant of good faith and fair dealing to "negate a right of [Acquest] expressly granted by the lease" (Baker v 16 Sutton Place Apt. Corp., 110 AD3d 479, 480 [1st Dept 2013]; see 87 Mezz Member LLC v German Am. Capital Corp., 162 AD3d 524, 525 [1st Dept 2018]), and the court properly granted that part of the motion to dismiss the fifth cross claim for failure to state a cause of action.
Entered: March 22, 2019
Mark W. Bennett
Clerk of the Court