| |
|---|
| **Vanderbilt Props. LLC v Ladha** |
| 2025 NY Slip Op 31792(U) |
| May 15, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 650966/2022 |
| Judge: Kathleen Waterman-Marshall |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:    HON. KATHLEEN WATERMAN-MARSHALL     PART     31

*Justice*

------------------------------------------------------------------X

VANDERBILT PROPERTIES LLC,VANDERBILT
PROPERTIES RISK MANAGEMENT, LLC,VANDERBILT
PROPERTIES INSURANCE BROKERAGE LLC,

|  |  |
|---|---|
| INDEX NO. | 650966/2022 |
| MOTION DATE | 08/11/2023, 10/31/2023 |
| MOTION SEQ. NO. | 001 002 |

         Plaintiff,

- v -

ALNOOR LADHA, AMERICAN LOTUS INSURANCE
BROKER, LLC,AMERICAN LOTUS RISK MANAGEMENT,
LLC,ARTHUR W. ZECKENDORF, WILLIAM L.I.E.
ZECKENDORF, JAMES W. CRYSTAL, SANFORD F.
CRYSTAL, DAVID BURRIS, KENT M. SWIG, ERIC HADAR,
ZZSBA HOLDINGS, LLC,FRANK CRYSTAL & CO.,
INC.,CRYSTAL & CO., ALLIED PARTNERS, DAVID
ROSEN, BROOKS GROUP INSURANCE AGENCY, LLC

**DECISION + ORDER ON
MOTION**

         Defendant.

------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 30, 38

were read on this motion to/for              DISMISS           .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 32, 33, 34, 35, 36, 37

were read on this motion to/for              VACATE STAY         .

     Upon the foregoing documents and following on-the-record oral argument on April 22, 2025, the motion by Plaintiffs-Counterclaim Defendants for an order, pursuant to CPLR § 3211(a)(7) and (1), dismissing the counterclaims in Defendants-Counterclaim Plaintiffs' amended complaint, is granted in part and the counterclaims for unjust enrichment, conversion, tortious interference with contract, civil conspiracy, and accounting are dismissed with leave to replead certain of those counterclaims. Upon the same record, the motion by Defendants-Counterclaim Plaintiffs to vacate the automatic stay of discovery, is granted. Following oral argument, the Court read its Decision on the motions into the record (the transcript of which has been So-Ordered and is attached hereto [*see* Transcript at pp. 29 – 42]); such Decision is incorporated herein.

### *Brief Background and Counterclaims*
     As set forth in the Decision, this action arises out of a long-term, but now failed business relationship. Plaintiffs Vanderbilt Properties, LLC, Vanderbilt Properties Risk Management, LLC, and Vanderbilt Properties Insurance Brokerage, LLC (collectively, "Vanderbilt") are in the business of procuring and managing risk insurance for owners, managers, and developers of New York City real estate. In 2000, Vanderbilt hired Defendant Alnoor Ladha ("Mr. Ladha"), who is authorized to underwrite certain insurance policies, to manage Vanderbilt's insurance operations and grow Vanderbilt's client base,

[* 1]             1 of 47

and appointed him as president and CEO of one the Vanderbilt companies. Vanderbilt and Mr. Ladha have no employment contract or non-compete agreement. Mr. Ladha's yearly compensation allegedly consisted of a share Vanderbilt's profits and a share of "producer commissions," determined each year in the annual budgeting process. In 2018, Mr. Ladha opened his own, similar risk insurance group, Defendants American Lotus Insurance Broker, LLC and American Lotus Risk Management, LLC (collectively, "American Lotus") while still employed with, and acting as president and CEO of, Vanderbilt. Mr. Ladha and American Lotus procured insurance for Vanderbilt's clients and entities alleged to be Vanderbilt's clients. On February 21, 2022, Vanderbilt terminated Mr. Ladha's employment.

Vanderbilt alleges that Mr. Ladha, himself and through American Lotus, stole Vanderbilt's clients, proprietary information and trade secrets, and its money, in various ways and to the tune of $75 million. Vanderbilt's complaint asserts causes of action against Mr. Ladha and American Lotus for, *inter alia*, breach of contract, breach of fiduciary duties, breach of implied covenant of good faith and fair dealing, tortious interference with contract, conversion/misappropriation of trade secrets, deceptive business practices under GBL § 349, accounting, and permanent injunction.

On the other hand, Mr. Ladha and American Lotus contend that Mr. Ladha fully and faithfully performed his duties to Vanderbilt; that Mr. Ladha is owed compensation for his work and commissions on policies placed under his name; that Vanderbilt knew about American Lotus's work in the risk insurance space; and that Vanderbilt conspired to steal American Lotus's business, by, *inter alia*, wrongfully terminating Mr. Ladha, locking him out of access to American Lotus's books and records, forging his name on insurance policies, and making false statements about him to clients and insurers. In their amended answer, Mr. Ladha and American Lotus deny the material allegations of the complaint and assert counterclaims against Vanderbilt and each of its individual managers and/or owners – Arthur W. Zeckendorf, William Lie Zeckendorf, James F. Crystal, Sanford F. Crystal, David Burris, Kent M. Swig, and Eric Hadar (collectively, "the Individuals"), and Vanderbilt's new insurance professional, Brooks Group Insurance Agency, LLC ("Brooks") and David Rosen ("Mr. Rosen").

As against Vanderbilt only, Mr. Ladha asserts counterclaims for breach of contract (first counterclaim) and unjust enrichment (second counterclaim), for compensation allegedly owed to him and commissions earned on policies produced under his name.

As against all Counterclaim Defendants, Mr. Ladha and American Lotus assert counterclaims for: unjust enrichment (third counterclaim) and conversion (fourth counterclaim), for alleged "unauthorized dominion" over American Lotus's business; conversion (fifth counterclaim), for alleged "unauthorized dominion" over compensation, commissions, and fees allegedly due to Mr. Ladha and American Lotus; conversion (sixth counterclaim), for alleged "unauthorized dominion" over American Lotus's books and records; tortious interference with contract (seventh counterclaim), for alleged fraud, forgery, conversion, and *per se* defamatory statements made to third parties; civil conspiracy (eighth counterclaim), based upon the conversion causes of action; and an accounting (ninth counterclaim), to determine the compensation and commissions allegedly due to Mr. Ladha and American Lotus.

### *Dismissal of the Counterclaims*
The law on dismissal under CPLR § 3211 is clear and well-settled: claims should be liberally construed, facts presumed to be true, and the pleading accorded the benefit of every possible favorable inference (*see e.g. Leon v Martinez*, 84 NY2d 83 [1994]; *Anderson v Edmiston & Co.*, 131 AD3d 416, 417 [1st Dept 2015]). The motion must be denied if from the four corners of the pleadings "factual allegations are discerned which taken together manifest any cause of action cognizable at law" (*Polonetsky v Better Homes Depot*, 97 NY2d 46, 54 [2001]; *R.H. Sanbar Proj., Inc. v Gruzen Partnership*, 148 AD2d 316, 318 [1st Dept 1989] [dismissal not warranted when "allegations are given the benefit of every possible inference, a cause of action exists"]). However, bare legal conclusions and

**650966/2022  VANDERBILT PROPERTIES LLC ET AL vs. LADHA, ALNOOR ET AL**          Page 2 of 5
**Motion No.  001 002**

2 of 47

[* 2]

factual allegations which are inherently incredible or contradicted by documentary evidence are not presumed to be true (*Mark Hampton, Inc. v. Bergreen*, 173 AD2d 220 [1st Dept 1991]). Similarly, a motion to dismiss based on documentary evidence under CPLR 3211(a)(1) "is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (*id.*; citing *Heaney v Purdy*, 29 NY2d 157 [1971]).

Viewed through this lens, the first counterclaim for breach of contract is subject to dismissal as it is undisputed that there is no written employment contract, or other written agreement, between Vanderbilt and Mr. Ladha providing for specific compensation and/or commissions due to Mr. Ladha as president and CEO and/or for his work managing Vanderbilt's insurance operations. However, as set forth in the oral Decision, to the extent the first counterclaim asserts breach of an implied contract or quasi-contract as against Vanderbilt only, it sufficiently states a claim for money allegedly owed to Mr. Ladha "for work and services her performed as president and CEO of Vanderbilt up through the time of his termination on February 21, 2022," which could include commissions on insurance policies issued under his name during his employment (*see Clark-Fitzpatrick, Inc. v Long Island R. Co.*, 70 NY2d 382, 388 [1987] ["A 'quasi contract' only applies in the absence of an express agreement, and is not really a contract at all, but rather a legal obligation imposed in order to prevent a party's unjust enrichment."]). As an unjust enrichment claim requires a showing similar to that required for quasi contract – i.e., that the other party was enriched at the party's expense and it is "against equity and good conscience to permit the other party to retain what is sought to be recovered" (*see generally Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 182 [2011]) – the second counterclaim, for unjust enrichment predicated on compensation and commissions allegedly due to Mr. Ladha, is subject to dismissal as subsumed within the first counterclaim for implied contract.

These first two counterclaims, in the nature of contract, are dismissed as to the Individuals, who are members of Vanderbilt and not personally liable for Vanderbilt's financial obligations, if any, to Mr. Ladha (*see* Limited Liability Company Law 609[a]).

Each of the counterclaims for unjust enrichment and conversion (third to sixth counterclaims), based upon the Counterclaim Defendants' alleged "unauthorized dominion" over American Lotus's "business;" compensation, commissions, and fees; and books and records, are subject to dismissal for three reasons. First, these counterclaims do not lie to the extent they involve intangible property, such as "future business interests" (*Sun Gold, Corp. v Stillman*, 95 AD3d 668, 669-70 [1st Dept 2012] ["conversion of intangible property is not actionable"]). Second, the counterclaims allege an entitlement to unspecified "compensation, commissions, and fees" and do not identify "specific money" in which Mr. Ladha and American Lotus had legal ownership or "an immediate superior right of possession" (*Nat'l Ctr. For Crisis Mgmt., Inc. v Lerner*, 91 AD3d 920, 920-21 [2d Dept 2012] ["To establish a cause of action to recover damages for conversion, a plaintiff must show legal ownership or an immediate superior right of possession to a specific identifiable thing and must show that the defendant exercised an unauthorized dominion over the thing in question to the exclusion of the plaintiff's rights"; "Tangible personal property or *specific money* must be involved'] [internal citations omitted]; *Bankers Tr. Co. v Cerrato, Sweeney, Cohn, Stahl & Vaccaro*, 187 AD2d 384, 385 [1st Dept 1992] ["It need only be shown that a plaintiff had legal title or an immediate superior right of possession to the identifiable fund and the exercise by defendants of unauthorized dominion over the money in question to the exclusion of plaintiff's rights."]). Third, the counterclaims do not allege that Mr. Ladha was deprived of his ability to access or use American Lotus's books, records, documents, files, and data; indeed, there is no allegation that Mr. Ladha could not obtain from the Secretary of State, or did not separately maintain, copies of American Lotus's corporate books and records or its bank accounts. Consequently, these counterclaims are subject to dismissal without prejudice to replead to cure the deficiencies – i.e., identifying tangible property and specific funds in which Mr. Ladha and American Lotus have an immediate superior right of

650966/2022   VANDERBILT PROPERTIES LLC ET AL vs. LADHA, ALNOOR ET AL          Page 3 of 5
Motion No. 001 002

3 of 47

possession and over which Vanderbilt, or the Individuals, Brooks or Mr. Rosen, is exercising complete dominion to their exclusion.

The seventh counterclaim, for tortious interference with contract, based upon the Counterclaim Defendants' alleged fraud, forgery, conversion, and *per se* defamatory statements is also subject to dismissal under CPLR § 3211(a)(7). This counterclaim fails to allege the existence of any specific contracts between Mr. Ladha and/or American Lotus and any insurer or building owner/manager, of which any of the Counterclaim Defendants had knowledge, or that the Counterclaim Defendants intentionally induced any insurer or building owner/manager to breach such contracts with Mr. Ladha and/or American Lotus or otherwise rendered their performance thereunder impossible, and damages (*see Kronos, Inc. v AVX Corp.,* 81 NY2d 90, 94 [1993]; *C.H.A. Design Export (H.K.) Ltd. v Miller,* 191 AD3D 459 [1st Dept 2021]). Indeed, not a single contract or ruined business relationship is identified in the counterclaims. Notably, there is also not a single allegedly defamatory statement set forth.

The eighth counterclaim, for civil conspiracy, is subject to dismissal as New York does not recognize an independent cause of action on such theory and the counterclaims fail to state any cognizable tort upon which a conspiracy could be based (the conversion claims having been dismissed) (*see McSpedon v Levine,* 158 AD3d 618 [2d Dept 2018]). The ninth counterclaim, for an accounting, is subject to dismissal because Vanderbilt did not owe a fiduciary duty to Ladha or American Lotus such that the equitable remedy of accounting lies (*see Metro. Bank & Tr. Co. v Lopez,* 189 AD3d 443, 446 [1st Dept 2020]). To the contrary, as Vanderbilt's president and CEO, Mr. Ladha owed a fiduciary duty to it.

### *Discovery Proceedings Are Not Stayed*
Pursuant to CPLR § 3214(d), service of a CPLR § 3211 motion "stays disclosure until determination of the motion." Upon denial of such pleadings motion, "the automatic stay of discovery is lifted, the parties' discovery obligations revive, and new discovery demands may be asserted" (Hon. Mark C. Dillon, Supp Practice Commentaries, N.Y. CPLR 3214 [McKinney]).

Having resolved the instant CPLR § 3211 motion, any stay of discovery is now lifted and Vanderbilt shall respond to the discovery demands previously served upon it by Mr. Ladha and American Lotus for documents and information addressed to Vanderbilt's complaint.

Accordingly, it is hereby

**ORDERED** that Vanderbilt's motion to dismiss the counterclaims is granted, in part, without prejudice to replead certain counterclaims; and it is further

**ORDERED** that the first counterclaim, to the extent that it asserts a claim for implied contract or quasi-contract against Vanderbilt only for money allegedly owed to Mr. Ladha "for work and services her performed as president and CEO of Vanderbilt up through the time of his termination on February 21, 2022," which could include commissions on insurance policies issued under his name during his employment, states a valid cause of action and remains; and it is further

**ORDERED** the second counterclaim, for unjust enrichment, is dismissed as subsumed in the first counterclaim; and it is further

**ORDERED** that the third through sixth counterclaims, for unjust enrichment and conversion, are dismissed without prejudice to replead in accordance with this Decision and Order; and it is further

**ORDERED** that the seventh counterclaim, for tortious interference with contract, is dismissed; and it is further

650966/2022   VANDERBILT PROPERTIES LLC ET AL vs. LADHA, ALNOOR ET AL
Motion No.  001 002

Page 4 of 5

4 of 47

**ORDERED** that the eighth counterclaim, for civil conspiracy, is dismissed without prejudice to replead in accordance with this Decision and Order; and it is further

**ORDERED** that the ninth counterclaim, for an accounting, is dismissed; and it is further

**ORDERED** that Mr. Ladha and American Lotus may file and serve an **amended answer with counterclaims** in accordance with this Decision and Order, **by May 23, 2025**; and it is further

**ORDERED** that the motion by Mr. Ladha and American Lotus to lift the stay of discovery is granted, and Vanderbilt shall **respond to the discovery demands** previously served upon it calling for documents and information addressed to Vanderbilt's complaint, **by June 3, 2025**; and it is further

**ORDERED** that this matter is scheduled for a **Preliminary Conference on June 17, 2025 at 3:30 p.m.** Counsel are reminded of the Part 31 Part Rules, specifically those addressed to conferences and conference orders.

| 5/15/2025 | | |
|---|---|---|
| **DATE** | | **KATHLEEN WATERMAN-MARSHALL, J.S.C.** |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED   ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**650966/2022   VANDERBILT PROPERTIES LLC ET AL vs. LADHA, ALNOOR ET AL**
Motion No.  001 002

Page 5 of 5